KRONSHAGE vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

*(1) Instructions to jury, as to evidence of negligence. (2) Joinder of causes of action; bar of judgment.*

1. In an action for the value of plaintiff's goods destroyed by fire in defendant's warehouse, from defendant's negligence, there was evidence that a kerosene lamp was left burning in defendant's office in said warehouse, at night, after all defendant's agents had left the building; but the evidence was conflicting upon the question whether the fire originated in the *office* or in some other part of the building. The jury were instructed that if they should find " that the lamp was left burning, and that the act of leaving it burning was a negligent act, and from that should infer that the burning actually took place from the lamp," they should find for the plaintiff. Again, after an instruction that the burden was on plaintiff to show how the fire occurred, and that it could have been prevented by the exercise of ordinary care, the court added: " If the plaintiff shows an act of negligence liable to lead to the accident, it may afford ground for inferring that negligence was the cause." *Held,* that the instructions were erroneous, as leaving the jury to find from the mere fact that the lamp was negligently left burning, that the building took fire therefrom; and as leaving them free to ignore the evidence tending to show that the fire originated in another part of the building.
2. A cause of action for goods destroyed by fire while in defendant's hands *as a carrier*, and a cause of action existing at the same time in favor of the same person against the same defendant, for goods destroyed by fire while in such defendant's hands *as warehouseman*, need not be joined; and a judgment upon one is no bar to a subsequent action on the other.

APPEAL from the Circuit Court for *Grant* County.

Kronshage vs. The Chicago, Milwaukee & St Paul R'y Co.

Action to recover from defendant, as warehouseman, the value of certain goods belonging to the firm of Parker, Hildebrand & Co., which were stored in defendant's depot or warehouse at Boscobel, and were destroyed by the burning of such depot or warehouse on the night of August 31, 1870. It is alleged in the complaint that the fire was caused by defendant's negligence. The claim in this action was assigned by the firm to the plaintiff (who was a member of the firm), before the action was commenced. The cause was here on a former appeal. 40 Wis., 587. On the last trial, the testimony on plaintiff's part tended to show that a lamp was left burning in the depot office on the night of the fire, and that the fire originated in the office.

The court submitted to the jury the following questions: "Did the defendant, on the night of the fire, leave a kerosene lamp burning in the office of the depot when closed for the night, and after all its agents had left; and did the fire that consumed the depot originate in said office, from a lamp so left burning? Was it negligence of which a man of ordinary prudence would not be guilty, so to leave such lamp?" The jury returned affirmative answers to these questions. They also found for the plaintiff generally, and assessed his damages at the stipulated value of the goods. The instructions to the jury are stated in the opinion.

Motions for a nonsuit and for a new trial were denied; judgment was entered for the plaintiff, pursuant to the verdict; and defendant appealed from the judgment.

For the appellant, there was a brief by *John W. & M. B. Cary*, and oral argument by *John W. Cary*.

For the respondent, there was a brief by *Geo. C. Hazelton* and *Barber & Clementson*, and oral argument by *Mr. Clementson*.

To the point that the subject matter of the former action by Parker, Hildebrand & Co. against the present defendant (30 Wis., 689), and the subject matter of the present action, constituted one entire demand, upon which separate suits could not be brought, appellant's counsel cited, 1 Wait's Law

& Pr., 944 et seq.; *Bristowe v. Fairclough*, 1 Mann. & Gr., 143; *Aurora City v. West*, 7 Wall., 82; *Hopf v. Myers*, 42 Barb., 270; *Fish v. Folley*, 6 Hill, 54; *Collins v. Bennett*, 46 N. Y., 490; *Miller v. Covert*, 1 Wend., 487; *Bendernagle v. Cocks*, 19 id., 207. Upon the same question the respondent's counsel cited *Bridge v. Austin*, 4 Mass., 116; *Jones v. Fales*, id., 254; *Morgan v. Bliss*, 2 id., 111; *Wade v. Howard*, 8 Pick., 353; *Ensign v. Bartholomew*, 1 Met., 274; *Wood v. Corl*, 4 id., 203; *Sparhawk v. Wills*, 6 Gray, 163; *Andover Savings Bank v. Adams*, 1 Allen, 28; *Hinsdale v. Eels*, 3 Conn., 377; *Secor v. Sturgis*, 16 N. Y., 554, 558; *The King v. Sheriff*, 1 Barn. & Ad., 672; 8 Abbott's Dig., p. 309, No. 35; 1 Greenl. Ev., § 529; 1 Starkie's Ev., 333, 334, note (c); 2 Wait's Pr., 355. They also argued that, in order to raise this question, the identity of the cause of action in the two suits should have been averred in the answer. *Secor v. Sturgis* and *Sparhawk v. Mills, supra.*

LYON, J. We think there was sufficient evidence to present for the determination of the jury the questions, whether a lamp was left burning in the office, and, if so, whether it was a negligent act thus to leave it burning; and whether the fire which burned the depot and goods originated from the lamp. These questions seem to cover the whole controversy, and they were fairly submitted to the jury.

The learned circuit judge instructed the jury that if satisfied from the evidence that the fire originated from a lamp left burning in the office, and that it was negligence to leave it burning there, it would not be unreasonable for them to infer that the fire resulted from the lamp; and if the jury should find " that the lamp was left burning, and that the act of leaving it burning was an imprudent and negligent act, *and from that infer that the burning actually took place from the lamp*, they should find for the plaintiff." Again, the court was requested on behalf of the defendant to give this instruction: " The burden is upon the plaintiff to show, by proof, how this fire occurred, and to show, moreover, that such fire could have

been prevented by the exercise of such ordinary care and prudence as ordinarily careful and prudent men use about their own affairs." The court gave the instruction, with the following addition: "If they show an act of negligence liable to lead to the accident, it may afford ground for inferring that negligence was the cause of the act" (doubtless meaning the cause of the accident).

As we understand these instructions, and as we think the jury must have understood them, they amount to this: If the lamp was negligently left burning in the office, the jury were at liberty to infer therefrom, without further proof, that the fire originated from the lamp. It seems to us that the instructions are erroneous. The burden of proof was upon the plaintiff to show that the fire occurred through the defendant's negligence. It is not enough to show a negligent act which might or might not have caused the fire, but the plaintiff must satisfy the jury by sufficient evidence that it did cause it. The testimony tending to prove that the fire originated in the office might support a finding that it was caused by the burning lamp; but the infirmity in the instructions is, that they left the jury free to ignore the testimony which tended to prove that the fire originated in some other part of the building and from some other cause, and, from the mere fact that the lamp was negligently left burning, to find that the depot took fire therefrom.

Cases of negligence may readily be supposed in which the negligence is of such a character that the injury complained of must necessarily have resulted therefrom. In such cases, proof of the negligent act and the injury may be sufficient. But this is not such a case. The negligent act of leaving the burning lamp in the office would not necessarily or inevitably cause the destruction of the building; and proof that it was negligently so left burning did not relieve the plaintiff from the burden of proving that the fire originated from it. For such error in the instructions, the judgment must be reversed.

The foregoing observations dispose of all the errors assigned which it is deemed necessary to notice, save one. The goods

for the destruction of which this action was brought, belonged, when destroyed, to the firm of Parker, Hildebrand & Co., of which firm the plaintiff was a member.  That firm brought an action against the defendant, based on its liability as a common carrier, to recover for these and other goods of the firm destroyed at the same time.  On the trial of that action, the claim for the goods in controversy here was withdrawn by the plaintiffs, for the reason that the defendant was not liable therefor as a carrier, but (if liable at all) as a warehouseman or bailee, and the complaint went upon the liability as a carrier alone.  The firm recovered the balance of its claim. Afterwards the claim in this action was assigned by the firm to the plaintiff.

The learned counsel for the defendant contends that the judgment thus recovered by the firm is a bar to this action, on the ground that the claims in both actions constitute one entire and indivisible cause of action.

Putting aside the question whether the defendant should have pleaded the former recovery as a bar to this action (which it has not), we think it is not a bar.  True, a plaintiff may not split up an entire and indivisible claim, or cause of action, and maintain several actions therefor; but he may maintain separate suits on distinct causes of action, even though they might have been included in one suit, subject only to the power of the court to consolidate such suits.  For example, subject to such power, separate actions may be maintained on two promissory notes, although given and due at the same time, or on a note and book account against the same defendant.

The action brought by Parker, Hildebrand & Co. was founded alone upon the strict liability of the defendant as a common carrier.  No question of negligence was involved in it.  30 Wis., 689.  This action is for the value of goods separately shipped to the firm from Milwaukee, and which had remained in the depot five days before they were destroyed.  The owners had ample time to remove them before the fire, and unquestionably the liability of the defendant for the goods as a car-

rier had ceased before their destruction. See cases cited in 30 Wis., 689. The defendant can only be held liable as a bailee of the goods, on proof that the same were destroyed by reason of its negligence.

The action of the firm was founded upon the obligation of the carrier to deliver to the consignees goods shipped to them from certain points at certain times, but which the carrier failed to deliver. This action is for the value of other goods shipped to them at another time and from another point, which goods have been destroyed through the alleged negligence of the same defendant, who held them, not as a carrier, but as bailee. In the former action the defendant was liable though not negligent; in this action the defendant is not liable unless the loss was caused by its negligence. Hence, the two causes of action are entirely different, and require different lines of proof to maintain them. Under all the authorities, the claims in the two actions do not constitute one entire and indivisible cause of action, but separate and distinct claims, for which separate suits may be maintained. The adjudications on this subject are sufficiently referred to in the briefs of counsel.

We have not been careful to ascertain whether the real character of the action by the firm was proved in the present case. Inasmuch as our judgment is unaffected by the question, it has been deemed advisable to consider it with reference to what our records show was the nature and scope of such action.

*By the Court.*— Judgment reversed, and the cause remanded for a new trial.