BEUTTEL, Adm'r, etc., *v.* CHICAGO, M. & ST. P. RY. CO. and another.

(*Circuit Court, N. D. Iowa, E. D.*  November Term, 1885.)

REMOVAL OF CASE FROM STATE COURT—SEPARABLE CONTROVERSY.

In an action under the laws of Iowa by an administrator against a railroad company and the engineer of one of its engines, to recover damages for the death of his decedent, a fellow-servant of such engineer, there is such a separable controversy as entitles one of the defendants, if a resident of another state, to a removal of the cause to a United States court, under the act of 1875, as construed in *Ayres* v. *Wiswall,* 112 U. S. 187; S. C. 5 Sup. Ct. Rep. 90.

Motion to Remand Cause to State Court.

*Crane & Joerus,* for plaintiff.

*W. J. Knight,* for defendants.

SHIRAS, J.   In the petition filed in this cause, in the district court of Dubuque county, it is averred that plaintiff is the administrator of the estate of Alvis Fink, deceased; that the Chicago, Milwaukee & St. Paul Railway Company is a corporation engaged in operating a line of railroad extending northwardly from Dubuque to the station of Specht's Ferry; that the defendant Emsley was, in November, 1883, an engineer in the employ of the railway company, engaged in running a passenger train on said company's road; that on or about November 29, 1883, said Alvis Fink was in the employ of the said railway company as a night track watchman; and that, while engaged in the performance of his duty as such watchman, "the said defendants, while operating and running a passenger train over the defendant company's road, did carelessly, negligently, and wrongfully run said train of cars upon and against Alvis Fink," and thereby caused his death, to the damage of his estate in the sum of $10,000, for which amount the plaintiff, as administrator of the estate of said deceased, prays judgment against both defendants.   Separate answers were filed by the defendants; and thereupon the railway company filed, in proper time and form, a petition and bond for the removal of the cause to this court, averring that plaintiff and the defendant Emsley were citizens of Iowa, and the railway company was organized under the laws of the State of Wisconsin; and further averring that in the cause there was embraced a separable controversy between plaintiff and the railway company.   The state court granted

the prayer of the petition, and ordered the cause to be removed. Upon the filing of the record in this court, the plaintiff moved for an order remanding the case, on the ground that the cause of action declared on in the petition was joint and not separable, and that consequently this court had not jurisdiction, for the reason that the plaintiff and the defendant Emsley were citizens of the same state.

In *Ayres* v. *Wiswall,* 112 U. S. 187, S. C. 5 Sup. Ct. Rep. 90, it is decided that—

"The rule is now well established that this clause in the section refers only to suits where there exists a separate and distinct cause of action, on which a separate and distinct suit might have been brought, and complete relief afforded as to such cause of action, with all the parties on one side of that controversy citizens of different states from those on the other. To say the least, the case must be one capable of separation into parts, so that in one of the parts a controversy will be presented with citizens of one or more states on one side and citizens of different states on the other, which can be fully determined without the presence of the other parties to the suit as it has been begun."

In *Louisville & N. R. Co.* v. *Ide,* 114 U. S. 52, S. C. 5 Sup. Ct. Rep. 735, it is held that, if several defendants are sued jointly in a state court upon a joint cause of action arising upon contract, and separate answers are filed tendering separate issues for trial, this does not divide the suit into separate controversies, within the meaning of the last clause of section 2, act 1875.

In *Carson* v. *Tvedt,* 115 U. S. 41, S. C. 5 Sup. Ct. Rep. 1034, 1161, the same principle is applied to a joint action in tort. In that case it was averred in the petition filed by plaintiffs that the defendants, confederating together with the malicious design entertained by them of injuring plaintiffs and breaking up their business, did cause an action in attachment to be brought without probable cause; and, by direction of defendants, the writ of attachment was levied upon plaintiffs' stock in trade, and their business was destroyed. The defendants Wood & Stiles answered, averring that they were attorneys, and had acted under the instructions of their clients, Carson, Pirie & Co. The latter averred that they had caused the issuing and service of the writ, and filed a petition for the removal of the cause into the United States court. The question of the right of removal was carried to the supreme court, and in the opinion, after citing the ruling in *Louisville & N. R. Co.* v. *Ide, supra,* it is held that—

"We are unable to distinguish this cause in principle from that. There is here, according to the complaint, but a single cause of action, and that is the alleged malicious prosecution of the plaintiffs by all of the defendants acting in concert. The cause of action is several as well as joint, and the plaintiffs might have sued each defendant separately or all jointly. It was for the plaintiffs to elect which course to pursue. They did elect to proceed against all jointly, and to this the defendants are not permitted to object. The fact that a judgment in the action may be rendered against a part of defendants only, does not divide a joint action in tort into separate parts any more than it does a joint action on contract."

In *Starin* v. *Mayor of New York*, 6 Sup. Ct. Rep. 28, it is ruled "that a separate defense by one defendant in a joint suit against him and others, upon a joint, or a joint and several, cause of action, does not create a separate controversy, so as to entitle that defendant, if the necessary citizenship exists as to him, to a removal of the cause, under the second clause of section 2 in act of 1875."

The rule deducible from these authorites is that, in all actions, whether in tort or upon contract, wherein the liability of the defendants is joint, or joint or several, the plaintiff may, by declaring against all jointly, present in his petition only one cause of action, and, in such case, the defendants cannot, by tendering separate issues in their answers, claim that thereby separable controversies are involved, so as to entitle one or more of the defendants to remove the cause under the second clause of section 2 of the act of 1875. The right of removal turns upon the question whether the plaintiff, by the averments of fact in his petition, shows that he bases his action upon a cause which is joint, or may be made so, at the option of plaintiff, against all defendants, and that plaintiff has, in the latter case, elected to declare against all the defendants jointly. If the averments of the petition show that the cause of action is joint, or, being joint and several, has been declared on as joint by the plaintiff, then the cause is not removable unless all the defendants are citizens of a state other than that of which plaintiff is a citizen. If, however, the facts averred in the petition show that the plaintiff has united therein more than one cause of action, and that the same can be so separated as to present a controversy between citizens of different states, which can be fully determined without the presence of the other parties to the suit, then the cause may be removed. The mere fact that the plaintiff may have the right to make several parties defendants in the same action does not settle the question whether the petition presents separable controversies. Thus, under the code system of pleading, it is permissible to unite in one action, as defendants, the maker, indorser, and guarantor of a promissory note, yet it would hardly be claimed that the action against them was a joint action in the sense in which that term is used in the cases just cited. The liability of the guarantor or indorser is based upon a different obligation or contract from that of the maker of the note, and, although both may be made defendants in the same action, yet they are defendants to different causes of action, in the proper legal sense of that term. The cause of action is a breach of contract, or a tort committed by the defendant. This is not to be confounded with the injury resulting therefrom, nor with the remedy provided by law for the benefit of the party injured in person or property. In a suit against the maker of the note, the cause of action is the breach of the contract to pay the amount of the note at maturity. This is a contract absolute and unconditional. The injury to plaintiff is the result of the breach of the contract on part of the maker of the note, and is made good by award-

ing damages to plaintiff, and the remedy is the judgment and the execution for the collection thereof. In a suit against the indorser or guarantor of the note, the cause of action is the breach of the contract of the indorser or guarantor, which is not a contract absolute to pay the note. It is a conditional contract, wholly separate and distinct from that of the maker. A breach of the contract by the maker does not create a breach on part of the indorser or guarantor.

In the cause now before the court, as against the defendant Emsley, the case on part of plaintiff would be made out by proof that said Emsley, having charge and control of the train, negligently ran the same over the deceased, thereby causing his death. As against the company, it would be necessary to show that the train upon its road, while under the control of the employes of defendant, was negligently and carelessly run over the deceased, causing his death; and that the company had been guilty of negligence in the selection of incompetent employes, or in failing to furnish proper appliances for the management of its trains; or that the deceased came within the provisions of the statute of Iowa making railway companies liable to a certain class of employes for injuries caused by the negligence of co-employes.

In the case of the engineer, he is charged with liability by reason of his own personal negligence, resulting in injury to another. In the case of the company, it is charged with liability by reason of its relation of master or employer. If the deceased does not come within the protection of the Iowa statute, then the fact that Emsley was negligent would not alone fasten liability therefor upon the company. If the liability upon part of the company arises by reason of the statute of Iowa, then the liability of the company, and of the engineer, are not based upon the same legal grounds, nor will the same evidence sustain a recovery against both.

If demurrers had been interposed to the petition filed in this cause, presenting the question whether the facts averred showed a cause of action against the defendants, it is apparent that the legal questions thereby raised would not be the same in the case of both defendants.

As against the defendant Emsley, the facts alleged are that he was in control of the train as engineer, and that he negligently ran the same over the deceased; the legal cause of action thus charged being the violation of the duty of Emsley to use ordinary care in the running of the train, the same being under his personal control.

As against the railway company, the facts alleged are that the deceased was in the employ of the company as a night watchman; that the defendant Emsley was in the employ of the company as engineer, having charge of a certain train upon defendant's road, which train was negligently run over the deceased, while the latter was in the performance of his duty as an employe of the company. The cause of action thus charged against the company may be based upon either one of two grounds: (1) A violation of the common-law duty

of the master to use due care in the selection of competent servants, and in furnishing them with all the proper and suitable means and machinery for the safe performance of the duties intrusted to them, the performance of which duty will relieve the master from liability to an employe who receives an injury by reason of the carelessness of a co-employe engaged in the same service; or (2) a liability under the statute of Iowa, which enacts that railway companies shall be liable to such of their employes as are engaged in the operating of the railroad for the injuries caused by the negligence of a co-employe. If the action against the company is based upon the first ground, it is apparent that the fact that the engineer was guilty of negligence in the running of the train which would constitute a cause of action against him, would not alone show a violation of duty on part of the company. If based upon the liability created by the statute, it is equally clear that the ground of action is distinct and separate from that charged against the engineer.

Under the allegations of the petition, in order to entitle plaintiff to recover against the defendant Emsley, it must be shown that he himself was guilty of negligence in the management of the train under his charge, resulting in injury to the deceased. Failing in proof of personal negligence on part of the engineer, plaintiff could not recover against him, but that would not entitle the company necessarily to a verdict in its favor. In the petition it is expressly charged that the defendants, "while operating and running a passenger train over the defendants' road, did carelessly, negligently, and wrongfully run said train of cars upon and against Alvis Fink." In legal effect, this charges that the defendant company negligently and carelessly ran said train of cars; and, under this allegation, it is open to plaintiff to show negligence on part of any employe of the company in the running of said train; and if negligence on part of a flagman, or on part of the conductor, train dispatcher, or road-master, in connection with the running of said train, could be proven as a matter of fact, and that such negligence was the proximate cause of the death of deceased, then the plaintiff could recover against the company, but not against the engineer.

Under the averments of fact in the petition, two controversies are presented,—one between plaintiff and the defendant Emsley, and one between plaintiff and the defendant company. In the controversy between plaintiff and Emsley, the company has no part nor lot. It has no legal interest therein; and, if the plaintiff and Emsley were citizens of different states, the latter could remove the action, even if the company and plaintiff were citizens of the same state. In the controversy between plaintiff and the company, Emsley has no legal interest. The cause against the company not only can be separated, but must be separated, from that against Emsley, because the grounds of liability are legally different. Although the case may be tried as one before the same jury, the issues upon which the liability of the

defendants depends are different, and cannot be made the same by any form of averment in the petition. According to the rule laid down in *Ayres* v. *Wiswall, supra,* there is involved a separable controversy, justifying the removal of the cause to this court, under the act of 1875.

Motion to remand is therefore overruled.