RISER v. SOUTHERN RY. CO. et al.

(Circuit Court, D. South Carolina. May 23, 1902.)

1. REMOVAL OF CAUSES—SEPARABLE CONTROVERSY—HOW DETERMINED.

The question whether an action involves a separable controversy which renders it removable by a nonresident defendant is to be determined from what appears as matter of law on the face of the plaintiff's pleading.[1]

2. SAME—ACTION TO RECOVER FOR JOINT TORT.

An action against a railroad company and one of its conductors to recover for an injury received by plaintiff in a collision, alleged in his complaint to have been caused by the failure of the conductor to observe certain regulations and rules of the company, which failure was due "to the joint and concurrent negligence" of the defendants, is one for a joint tort, and is not removable by the railroad company on the ground that it involves a separable controversy, where plaintiff and the conductor are citizens of the same state.

On Motion to Remand to State Court.

Johnstone & Welch, for the motion.
T. P. Cothran, opposed.

SIMONTON, Circuit Judge. This case comes up on a motion to remand the cause which had been removed from the state court by the Southern Railway Company, on the ground that under the pleadings a separable controversy exists against it. In discussing this question we have no concern with the merits of the case, nor can we be controlled by an opinion as to the necessary result if the case goes to a trial. It is a question of pleading. Railway Co. v. Dixon, 179 U. S. 135, 21 Sup. Ct. 67, 45 L. Ed. 121.

Does the complaint set up a joint or several cause of action? "The cause of action is the subject-matter of the controversy, and that is, for all the purposes of the suit, whatever the plaintiff declares it to

[1] Removal of causes involving separable controversies, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.

be in the pleadings." Powers v. Railroad Co., 169 U. S. 97, 18 Sup. Ct. 266, 42 L. Ed. 673. It may be that the plaintiff on the trial may be unable to establish the joint cause of action. It may be that his proof may show that one of the defendants is not guilty of the tort alleged and the other solely guilty. Perhaps a demurrer to the complaint on this ground may be sustained. "If the complaint should be so construed, the question would still remain whether the cause of action was not entire as the case stood, and the objection of the difference in the character of the liability matter of defense, which might force an election or defeat the action as to one of the parties." Railway Co. v. Dixon, 179 U. S. 139, 21 Sup. Ct. 70, 45 L. Ed. 121. In an action of tort the cause of action is whatever the plaintiff declares it to be in his pleading. Matters of defense cannot be availed of as ground for removal.

The complaint is against the Southern Railway Company and Marion Rich, one of its conductors. The plaintiff, a mail clerk on the train of the Southern Railway Company, managed by Rich, the conductor, was injured in a collision, and he brings this action against both of the defendants, charging that he was injured in the collision, which was due to "the joint and concurrent fault of the codefendants." He sets out in his complaint that the immediate cause of the collision was the failure of Rich, the conductor, to observe certain rules and regulations of the company, and that this failure was due to the "joint and concurrent negligence, carelessness, and fault of the said defendants." In all the paragraphs of his complaint he charges this joint and concurrent negligence, etc., as the cause of action. On this he must stand or fall. He may fail in his proof. His claim may not be sustained. But the cause of action relied on is joint; and the controversy set up is joint, not separable.

There is another point of view. The complaint sets out the facts of the case, the injury of the plaintiff by reason of the nonobservance on the part of the conductor, the agent and representative of the railroad company, of the rules established for his guidance, and charges that this negligence was the joint and concurrent negligence of the railway company and the conductor. Would it not be competent for the plaintiff to show that the conductor was a careless and unobservant person, within the knowledge of the company, and on such showing claim that the injury was the joint and concurrent action of the two defendants?

Again, the complaint sets out that the plaintiff was injured by reason of the negligence of the railway company and of the conductor. Suppose that on the trial he proves that the conductor was negligent. The conductor is the representative of the corporation. His negligence is its negligence. If he is liable, the corporation by reason of his liability is also liable. It would be vain for the railway company to prove the utmost care on its part in giving proper instructions to the conductor. If he be negligent, the corporation, notwithstanding its instructions, is guilty, because he was negligent. "I am answerable for the wrongs of my servant or agent, not because he is authorized by me or personally represents me, but because he is about my affairs, and I am bound to see that my affairs are con-

ducted with due regard to the safety of others." Pol. Torts (Am. Ed.) 89, 90. So, when the servant of a railway company is guilty of negligence in the course of his employment, his negligence is the negligence of the railway company. It may be one act, but the liability is the liability of both. The one cannot be separated from the other. The act of the conductor, in contemplation of law, is so far the act of the master that he is answerable for it. Farwell v. Railroad Corp., 4 Metc. (Mass.) 49, 38 Am. Dec. 339.

Put it in another way: The gravamen of the complaint is injury to the plaintiff, caused by negligence in disobeying the rules of the company. If this be proved, then the conductor, Rich, certainly is responsible, and if he be responsible because of his negligence, as certainly the railway company, his principal, is also responsible. To defend itself the railway company must participate in the controversy of the conductor, and must maintain the same defense as he does, that the collision was not caused by his negligence. However careful the railway company may have been in the issuance of its orders to prevent the collision, if that collision occurred by reason of the negligence of the conductor in obeying the orders the railway company is liable. It cannot separate its case from that of the conductor. See Bayley v. Railway Co., 3 Moak, Eng. R. 312. This case cannot be distinguished from Railway Co. v. Dixon, 179 U. S. 131, 21 Sup. Ct. 67, 45 L. Ed. 121, and is controlled by it.

Let an order to remand be had.