## HELMS v. NORTHERN PAC. RY. CO. et al.

(Circuit Court, D. Minnesota, Sixth Division. January 28, 1903.)

1. MASTER AND SERVANT—NEGLIGENCE OF SERVANT—GROUNDS FOR MASTER'S LIABILITY.

   The liability of a master arising out of an act of negligence committed by his servant does not rest upon the ground that the master himself was negligent, but upon considerations of public policy, which hold him responsible for the acts of his agents when acting about his business.

2. SAME—JOINT ACTION AGAINST MASTER AND SERVANT—MISJOINDER OF CAUSES OF ACTION.

   A joint action cannot be maintained against a railroad company and an employé to recover for an injury resulting solely from the negligence of the employé, the causes of action against the two defendants being separate and distinct, and based on different grounds; and this is especially true where the person injured was a fellow servant of the individual defendant, and the liability of the railroad company for the injury is wholly statutory.

3. REMOVAL OF CAUSES—SEPARABLE CONTROVERSY—MISJOINDER OF CAUSES OF ACTION.

   Where the cause of action alleged in a complaint against a railroad company and one of its employés is based solely on the alleged negligence of the employé, no concurrent negligence of the company being charged, the cause is removable by the company as involving a separable controversy, the requisite diversity of citizenship and amount involved being shown.

At Law. On motion to remand to state court, and on demurrer to complaint for misjoinder of causes of action.

Michelet & Michelet, for plaintiff.

C. W. Bunn and Emerson Hadley, for defendants.

AMIDON, District Judge. This action was brought in the district court of Becker county, Minn., against the Northern Pacific Railway Company and Fred Ames, an engineer in charge of one of its engines, to recover damages for the death of Johan Frederick Helms, caused, as is alleged, by the negligent operation of the locomotive. The plaintiff and the defendant Ames are both citizens of the state of Minnesota, and the other defendant was organized under the laws of Wisconsin. The railway company caused the action to be removed into this court upon the ground that it involves a separate controversy as between it and the plaintiff. Thereafter it demurred to the complaint for the reason that it improperly unites several causes of action, and at the same time the plaintiff interposed a motion to remand the case to the state court.

¶ 3. Separable controversy as ground for removal of cause from state court to federal court, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Mineral Co., 35 C. C. A. 155.

That portion of the complaint which sets forth the charge of negligence reads as follows:

"Said Johan Frederick Helms received injuries by reason of the negligence of the defendant, its servants and employés, as hereinafter alleged: That on said 27th day of November, 1901, at the said company's coal shed in said Detroit, when in the discharge of the duties of such employment in then and there assisting in filling the coal tank of locomotive No. 344 of said corporation, and when assisting to hold in place a chute leading from the coal shed to said coal tank, the said deceased, by the negligence of said Fred Ames, engineer, then and there the servant of said railway corporation, and by the negligence of other employés of said corporation on and about said locomotive, was crushed between the said chute and the cabin of said locomotive by suddenly, recklessly, and negligently driving the locomotive against the said chute."

The question now submitted for decision is, in effect, whether this complaint sets forth a single cause of action against both the defendants jointly, or two separate causes of action against each of them severally; for in the one case the motion to remand should be granted, in the other denied. It is urged by counsel for plaintiff that the supreme court has decided this question in his favor in Railway Co. v. Dixon, 179 U. S. 131, 21 Sup. Ct. 67, 45 L. Ed. 121. A careful examination of the opinion in that case does not sustain this contention. It will first be noticed that the complaint in the present suit does not, as in the case referred to, charge that the negligence alleged was the joint negligence of both the defendants, nor are there any facts averred justifying an inference that the corporation itself was guilty of any direct participation in such negligence. But, even if it were stated in general terms that the injury was caused by the joint negligence of both defendants, this ought not to be conclusive upon them; on the contrary, the plaintiff should at least be required to make his pleading definite and certain by a statement of the facts upon which the charge of joint negligence is based. Here, however, there is no such charge. The responsibility of the company, if any, is not for negligence of its own, but for that of its servants.

Turning, now, to the opinion in the Dixon Case, it will appear not only that the question here raised was not passed upon there, but that that decision was rested solely upon the ground that the railroad company and its employés were guilty of concurrent negligence. The court holds (page 139, 179 U. S., page 70, 21 Sup. Ct., and page 121, 45 L. Ed.) that the complaint justified the inference that the train was run at too great a speed, and that, if the speed was permitted by the company's rules, or not forbidden, though dangerous, the negligence in that particular would be the negligence of the company. It is also held that the complaint justified the inference that the accident was caused by the omission of the employés in charge of the train to give the statutory signals on approaching the highway crossing, and that this omission constituted negligence on their part. For the reason that both these grounds of negligence were fairly charged in the complaint, the decision of the state court in holding the cause of action to be single as to both the company and its servants is sustained. While many other points are adverted to in the opinion, this is the only question actually decided. The fact that the court is at considerable

pains, and indulges in a liberal construction of the complaint, in order to thus rest its decision upon the charge of concurrent negligence, affords persuasive evidence that it was of the opinion that a complaint against both master and servant for the negligence of the servant alone would contain two distinct causes of action. Otherwise the case would have presented no difficulty. If negligence of the servant alone would sustain a joint action against him and his master, such negligence was there charged in unmistakable terms. We are not, however, left to inference in determining that the supreme court did not intend, in the Dixon Case, to pass upon the question now under consideration. After referring to the conflict of authorities on the subject as to whether both the master and his servant could be proceeded against in the same action for the negligence of the servant, the court says that it is not called upon to revise the decision of the highest court of Kentucky on this subject, "as the disposition of this case turns on other considerations." Language could not make it more plain that the court did not intend to pass upon this controverted question.

In the decision in the Dixon Case it is stated that Chief Justice Gray, in the opinion in Mulchey v. Society, 125 Mass. 487, remarked that the question whether the master and his servant could be held jointly liable for the negligence of the servant was "a somewhat nice one." This is evidently a slip, as Chief Justice Gray used no such language in the case referred to, but, on the contrary, asserted in unqualified terms that such an action could not be maintained. I quote his words in full on this branch of the case:

"But the jury should have been instructed, as requested by the defendants, that this action, being in the nature of an action on the case, could not be sustained against both the society and its agents. If there was any negligence in the agents, Barber and Sleeper, for which they could be held liable, their principal, the society, would be responsible, not as if the negligence had been its own, but because the law made it answerable for the acts of its agents. Such negligence would be neither in fact nor in legal intendment the joint act of the principal and of the agents, and therefore both could not be jointly sued. It is not like the case of a willful injury done by an agent by the command or authority of his principal, in which both are in law principal trespassers, and therefore liable jointly."

The phrase quoted is evidently taken from the opinion of the supreme court of Maine in Campbell v. Sugar Co., 62 Me. 553, 16 Am. Rep. 503. It is there used in a decision which sustains the Massachusetts doctrine. The language of the court is as follows:

"But it does not thence follow that they are jointly responsible. The question whether they may be so held is a somewhat nice one, but there are substantial reasons assigned in Parsons v. Winchell, 5 Cush. 592, 52 Am. Dec. 745, why the principal and agent should not be charged jointly in such a case. It is not, properly speaking, their joint act or neglect which causes the injury. The proper adjustment of the final responsibility as between themselves cannot well be effected if one who has distinct grounds of action against them—against the agents for their own negligence, against the principals because the law makes them responsible for the negligence of their agents—is permitted to recover against both in one suit."

Inasmuch as Chief Justice Gray, the writer of the opinion in the Mulchey Case, 125 Mass. 487, was, at the time of the decision in the Dixon Case, a member of the supreme court of the United States,

this mistaken reference has possibly more importance than would otherwise attach to it.

The nearest the supreme court came in its opinion to deciding the question now presented is in the following language, beginning at the bottom of page 138, 179 U. S., page 70, 21 Sup. Ct., and page 121, 45 L. Ed.:

"The contention of counsel is that this complaint charged neither direct nor concurrent nor concerted action on the part of all the defendants, but counted merely on the negligence of the employés.

"If the complaint should be so construed, the question would still remain whether the cause of action was not entire as the case stood, and the objection of the difference in the character of the liability matter of defense, which might force an election or defeat the action as to one of the parties.

"The cause of action manifestly comprised every fact which the plaintiff was obliged to prove in order to obtain judgment, or, conversely, every fact which defendants would have the right to traverse. And, on the principle of the identification of the master with the servant, it would seem that there was no fact which the company could traverse which its codefendants, being its employés, could not. At all events, a judgment against all could not afterwards be attacked for the first time on this ground."

This is not decision; it is simply a stating of the question with an intimation as to some matters bearing upon its determination.

The question now presented is therefore an open one so far as the supreme court is concerned.

It has been frequently said that there is a conflict of authority on the question whether the master and servant can both be sued in the same action for the negligence of the servant alone in the course of his employment. Judge Taft, in the opinion in Warax v. Railroad Co. (C. C.) 72 Fed. 637, sets the authorities in about equal array on this subject. A careful examination of the cases, however, will show that the conflict is, in the main, more apparent than real. The leading authority cited in support of the single action is Wright v. Wilcox, 19 Wend. 343, 32 Am. Dec. 507. All that is said in that case on the subject, however, is purely obiter. The real ground of decision was that the negligence of the servant there was willful. For this reason the master was held not liable, and the decision of the lower court, in which judgment had been rendered against both the master and the servant, was reversed. That was the only question decided. The obiter language of the court is as follows: "In case of strict negligence by a servant while employed in the service of his master, I see no reason why an action will not lie against both jointly. They are both guilty of the same negligence at the same time and under the same circumstances; the servant in fact, and the master constructively by the servant, his agent." No court at the present time, so far as I am aware, holds that the master and servant "are both guilty of the same negligence at the same time and under the same circumstances." On the contrary, the master is not held liable because he is negligent, but solely upon considerations of public policy. This doctrine, first stated by Chief Justice Shaw in Farwell v. Railroad Corp., 4 Metc. (Mass.) 49, 38 Am. Dec. 339, now has the approval of the leading courts of this country and England. See Pol. Torts (4th Ed.) p. 70; Railway Co. v. Dixon, 179 U. S. 136, 21 Sup. Ct. 67, 45 L. Ed. 121. The master is responsible, but he is not negligent.

The case of Wright v. Compton, 53 Ind. 337, arose out of the following facts: The defendant Wright owned a quarry adjacent to a public highway, where he was carrying on blasting operations through the other defendants as employés. The plaintiff, a traveler, was injured by one of the explosions. It does not appear from the case whether Wright himself was personally present, but it is expressly alleged in the complaint that the manner of doing the work was pursuant to his knowledge and consent. The facts thus make out a clear case of joint negligence on the part of both the master and the employés.

In the case of Newman v. Fowler, 37 N. J. Law, 89, the plaintiff sought to recover damages from the defendant for his want of skill and care as architect in supervising the erection of a building. It appeared from the evidence that the injury was also attributable to the negligence of the contractor who did the work. The court says: "The loss comprised in the present cause of action has arisen, therefore, by reason of the default of these two persons, the contractor and the defendant. The suit is against the latter solely." The defendant sued complained that the other tort feasor was not joined with him. The court holds that the plaintiff had his right to elect whether he would bring suit against both defendants jointly or each separately, and that is the only point that was decided on this subject. It is also manifest that the facts make out a clear case of joint negligence. The subject of master and servant is in no way involved.

In the case of Greenberg v. Lumber Co. (Wis.) 63 N. W. 93, 28 L. R. A. 439, 48 Am. St. Rep. 911, a joint action was brought against the defendant corporation and its general manager. As to the corporation, the negligence charged was that it furnished a defective machine upon which the plaintiff, a minor, was assigned to work. As to the other defendant the ground of complaint was that he set the plaintiff to work on the defective machine with full knowledge of its dangerous condition and without giving him any warning or instruction. This is manifestly a case of concurrent negligence on the part of both the master and the employé.

The case of Phelps v. Wait, 30 N. Y. 78, is directly in point, and sustains the affirmative of the question now under consideration. That decision, however, is rested upon the case of Wright v. Wilcox, 19 Wend. 343, 32 Am. Dec. 507. It is also greatly weakened by the fact that the adverse decisions were not called to the court's attention, as appears from the following language:

"The case was retained for examination principally upon the other point,—the supposed misjoinder of parties,—and to enable the defendants' counsel to supply a reference to authorities showing that in analogous cases principal and agent could not be sued together. The current of authority is certainly the other way, and in favor of the right to join these parties; and I have been unable, after a somewhat diligent examination, to find any reported case holding a contrary doctrine."

No reference whatever is made to the decisions in England, Massachusetts, Maine, New Hampshire, and Connecticut, in which a contrary doctrine was held, and the court seems not to have examined these cases before rendering its decision.

The case of Railroad Co. v. Cook's Adm'r (Ky.) 67 S. W. 383, is rested mainly upon the statute of Kentucky. In so far as it discusses

the question on principles of common law, it is not in accordance with any well-considered case. The above are all the appellate decisions referred to as supporting the single action. In addition to what has already been said, it should be noticed that in most of these cases the question of joint liability is not discussed, but is only adverted to by way of illustration.

In the Warax Case (C. C.) 72 Fed. 642, Judge Taft cites and learnedly reviews the numerous decisions which support the other side of this controverted question. Little can be added to his discussion of the subject. The opinions upon which he rests his decision are carefully considered, and base their denial of a joint cause of action upon fundamental differences as to the ground of liability as between the master and the servant, and the necessity of separate actions in order to work out justice between the two. It has been sometimes said that the reformed procedure has rendered these decisions inapplicable; but on this subject no change is made by the Codes. Pomeroy, in his work on Code Remedies (at section 307), says:

"The common-law doctrines concerning the liability of tort feasors, and as to the joinder or separation of them in actions brought to recover damages for the wrong, are entirely unchanged by the new system of procedure. It is unnecessary to repeat these ancient rules; that they are still in operation, with their full force and effect, is sufficiently shown by the following particular instances: In general, those who have united in the commission of a tort to the person or to property, whether the injury be done by force, or be the result of negligence or want of skill, or of fraud and deceit, are liable to the injured party without any restriction or limit upon his choice of defendants against whom he may proceed. * * * In order, however, that the general rule thus stated should apply, and a union of wrongdoers in one action should be possible, there must be some community in the wrongdoing among the parties who are to be united as codefendants; the injury must in some sense be their joint work. It is not enough that the injured party has on certain grounds a cause of action against one, for the physical tort done to himself or his property, and has, on entirely different grounds, a cause of action against another, for the same physical tort. There must be something more than the existence of two separate causes of action for the same act or default, to enable him to join the two parties liable in the single action. This principle is of universal application."

The same doctrine is stated in Bliss on Code Pleading (at section 83), as follows:

"Persons are not jointly liable for a tort merely because they have some connection with it, even if it be such as to give a cause of action against them. There must be some co-operation in fact. There must be some community in the wrongdoing among the parties who are united as codefendants. The injury must be in some sense their joint work."

In considering the cases cited by Judge Taft, it should also be borne in mind that, although the states to whose decisions he refers had not at the time adopted the reformed procedure, still in all of them the common-law refinements as to pleadings and forms of action had long before been abolished by statute. Hewett v. Swift, 3 Allen, 420. From the foregoing review, I think it fairly appears that, independent of the federal decisions, the clear weight of authority sustains the defendant's contention that the case presents two distinct causes of action.

On this question, however, the federal courts are also in conflict. In support of the plaintiff's position are Charman v. Railroad Co. (C. C.)

105 Fed. 449; Riser v. Railroad Co. (C. C.) 116 Fed. 215. To the contrary are Warax v. Railroad Co. (C. C.) 72 Fed. 637; Hukill v. Railroad Co., Id. 745; Beuttel v. Railroad Co. (C. C.) 26 Fed. 50; Fergason v. Railway Co. (C. C.) 63 Fed. 177; Hartshorn v. Railroad Co. (C. C.) 77 Fed. 9.

In considering these authorities, it is important to get clearly in mind the precise question that is presented on this motion to remand. Much is said in the opinions of misjoinder of defendants and misjoinder of causes of action. These matters can have only an indirect bearing upon the question now under consideration. If the cause of action is single, the misjoinder of a defendant presents no ground for removal in his favor. There is no separable controversy as to him. His objection goes to the merits of the case, and his only redress is to defeat a recovery in the state court. On the other hand, if there is a misjoinder of two distinct causes of action, the fact of misjoinder is wholly immaterial on the question of the right of removal. A plaintiff who improperly unites two causes of action, one of which presents a controversy justifying removal, subjects himself to the liability of having the entire cause removed into the federal court. Whether, in fact, the causes of action are properly or improperly joined goes to the merits, and a defendant who has the right to remove the cause has also the right to have this question, like any other arising in the case, determined by the federal court. For this reason all these questions as to the misjoinder of parties or causes of action are immaterial, except as they throw light upon the primary question whether there are or are not two causes of action presented by the complaint. Deere, Wells & Co. v. Chicago, M. & St. P. R. Co. (C. C.) 85 Fed. 876.

In the cases at common law, including those cited by Judge Taft, the opinions are usually directed to the question of misjoinder of defendants. Very little is said as to whether the cause of action is single or double. A careful reading of the opinions, however, shows that the charge of misjoinder of defendants was sustained because of the fundamental difference in the ground of liability as to the master and servant. The misjoinder in fact went to the cause of action rather than the parties. It was uniformly conceded that both defendants were liable for the injury, and from this the conclusion is irresistible that the misjoinder condemned related, not to the parties, but to the causes of action.

For the purpose of determining the liability of the master for the negligence of the servant, it is common to say that the negligence of the servant is the negligence of the master. This, however, is a convenient rather than an accurate statement. The master is in fact negligent only when he participates in the wrongful act of his employé. This he can only do in one of three ways: (1) By direct participation; (2) by previous direction; (3) by subsequent adoption. In the case at bar, as is usual in suits of this character, there is no contention that the corporation was in fact a party in either of these respects to the negligence complained of. To say that because the master is responsible for the negligence of his agent he is therefore himself negligent is to confuse things that are widely different.

The reasoning in Charman v. Railroad Co. (C. C.) 105 Fed. 449,

is not satisfactory. The court begins with the statement that because the master is liable he must be negligent, thus excluding the possibility that he might be liable because of the negligence of his servant. To satisfy this assumed negligence, a "duty" is built up which no court ever considered in fixing a master's liability, and which does not fit into the facts of the case or the language of the statute. The learned judge says:

"The statute of this state has made it the duty of the railroad company to place a person in charge of its switch yard who should be free from fault resulting in injury to a fellow servant. This duty was a positive and continuing one. The negligence of the person in charge of the switch yard gave rise to a twofold breach of duty, namely, that of the person in charge of the switch yard and that of the railroad company. The breach of the master's duty arose from its failure to keep in charge of its switch yard a person who would not by his negligence injure a fellow servant. * * * The liability of the company does not grow out of the breach of the servant's duty by the servant on the principle of respondeat superior; it grows out of the breach of the company's duty by the company failing to keep a person in charge of its switch yard who would not by his negligence injure a fellow servant. If the employer fails in the performance of his duty, his responsibilty does not arise out of the servant's breach of the servant's duty towards the injured party, but it grows out of the employer's breach of the employer's duty towards the decedent."

Now, is not all this "duty" of the master a mere figment, devised for the purpose of fitting the liability of the master into the category of personal negligence? Statutes like the one there under consideration do not attempt the metaphysical feat of making the master negligent; they simply provide that he shall be "liable in damages" for injuries caused by the negligence of his servants. This comports with the common law. The language of the decisions is that the master is "liable," "answerable," "responsible," for the negligence of his servant, not that he himself is negligent. Is there any such necessitty as the following statement assumes: "In order to maintain an action for injury to person or property by reason of negligence or want of due care, there must be shown to be existing some obligation or duty towards the plaintiff which the defendant has disregarded or violated." If the master is liable for the negligence of his servant, surely an action may be maintained against him on that liability without imputing to him personal negligence. Hitherto the ground of the master's liability has been that the wrongdoer was his servant and about his business. This fits the facts and fully justifies the liability. Whatever is more than this comes of quitting the facts and pursuing fictions. Further on in the opinion the reasoning at times seems to confound the liability of the master to answer in damages for the negligence of his servant, with his positive duty to exercise reasonable care in the selection of those whom he employés. Of course, the ground of liability in each of these cases is widely different. In the one case, the master himself is guilty of negligence in his failure to exercise care in the selection of his servants; in the other case, he is liable though he is himself entirely free from negligence. The illustration cited as to an injury to a passenger by the collision of two trains owned and operated by different railroads does not cover the case. There each of the defendants would be negligent, and the negligence of each would

be a proximate cause of the plaintiff's injury. But in the case then under consideration the master was himself free from negligence. By statute simply he was made responsible for the negligence of another.

The case of Riser v. Railroad Co. (C. C.) 116 Fed. 215, proceeds upon the ground that "when the servant of a railway company is guilty of negligence in the course of his employment his negligence is the negligence of the railway company." This, however, is not the real ground of liability. As I have already said, the master is responsible, but he is not negligent. He is made liable out of considerations of public policy, but not because of any wrongful act on his part.

It is uniformly held that, in order to justify a removal, the case must present two or more distinct causes of action. Little attempt, however, has been made to define what shall constitute a "cause of action" within this rule. In many of the cases it is said that the cause of action must be one upon which "a separate and distinct suit might have been brought." But in actions for tort this rule will furnish no guidance, for there the liability is several, and a separate suit may be maintained against every party who is legally liable for the wrong.

Another rule that is frequently laid down to determine when causes of action are distinct is to ascertain whether they are constituted of the same facts and could be supported by the same evidence. In actions to enforce the master's common-law liability for the negligence of his servant, the only element to distinguish such an action from an action against the servant would be that in the former suit the fact of the relationship between the master and the negligent servant would have to be established, and that the wrong was committed in the course of the employment. In suits like the present, however, brought under a statute to recover damages for the negligence of a fellow servant, there are other distinguishing elements, as will be pointed out later.

Another rule that has been often prescribed for determining whether causes of action are distinct is whether the ground of liability is the same. Kronshage v. Railway Co., 45 Wis. 500; Skoglund v. Railway Co., 45 Minn. 330, 47 N. W. 1071, 11 L. R. A. 222, 22 Am. St. Rep. 733; Brunsden v. Humphrey, 14 Q. B. Div. 141. If this feature of distinction is sufficient to satisfy the rule as to the removal of causes, the present case is plainly removable, for the ground of liability on the part of the master is widely different from that of the servant.

I think the weight of reason as well as the majority of decisions, not only in the federal courts, but wherever the question has been raised, is in favor of holding the liability of the master to be a distinct cause of action from that of his servant.

There are, however, in the present case, peculiar reasons for treating the causes of action as separate. The deceased was the fellow servant of the engineer and the other persons in charge of the engine whose negligence caused this injury. At common law, therefore, the corporation would not be liable. As against it, the plaintiff must rest her cause upon the statute of Minnesota, doing away with the so-called "fellow servant rule" as to railroad companies in certain cases. This statute is identical with that of Iowa, which Judge Shiras had under consideration in the case of Beuttel v. Railroad Co. (C. C.) 26 Fed.

50, and what he there says is directly in point in passing upon the present case. To sustain her action against the railway company, the plaintiff must prove at least three things, which would be wholly immaterial as to the other defendant. She must show (1) that Ames and the other employés guilty of negligence were employés of the defendant railway company; (2) that they were engaged in operating the railroad; and (3) that the particular thing they were doing involved some risk peculiar to the operation of railroads. Lavallee v. Railway Co., 40 Minn. 249, 41 N. W. 974; Johnson v. Railroad Co., 43 Minn. 222, 45 N. W. 156, 8 L. R. A. 419. These features separate the cause of action as against the master more widely from that against the servant than would be the case in a suit by a third person to charge the master on his common-law liability for the negligence of his employé. Such a suit would rest, as against both the defendants, upon the common law; whereas the present suit is founded as against the master upon statute, but as against the servant upon common law.

It is intimated in the case of Railway Co. v. Dixon, 179 U. S., at page 140, 21 Sup. Ct. 67, 45 L. Ed. 121, that it would be proper for federal courts to follow the decisions of the state courts in determining whether the cause of action was joint or several. If that course were pursued in this case, it would be fatal to the motion to remand, as the supreme court of Minnesota, in Trowbridge v. Forepaugh, 14 Minn. 133 (Gil. 100), held that a joint action could not be maintained to enforce such a liability.

The disposition of the motion to remand indicates clearly the proper disposition of the demurrer.

An order will be entered denying the motion to remand, and granting the plaintiff 15 days in which to dismiss the action as to one of the defendants. Otherwise the demurrer will be sustained.