# CHESAPEAKE AND OHIO RAILWAY COMPANY *v.* DIXON.

ERROR TO THE COURT OF APPEALS OF THE STATE OF KENTUCKY.

No. 40.    Argued October 10, 1900. — Decided November 19, 1900.

Where the right of removal depends upon the existence of a separable controversy, the question is to be determined by the condition of the record in the state court at the time of the filing of the petition to remove.

In an action of tort, the cause of action is whatever the plaintiff declares it to be in his pleading, and matters of defence cannot be availed of as ground of removal.

When concurrent negligence is charged, the controversy is not separable, and as the complaint in this case, reasonably construed, charged concurrent negligence, the court declines to hold that the state courts erred in retaining jurisdiction.

OCTOBER 19, 1894, Lucy Dixon, as administratrix of Alexander Dixon, brought her action against the Chesapeake and Ohio Railway Company, R. H. Chalkey and William Sidles in the circuit court of Boyd County, Kentucky, by petition, which alleged—

"That Alexander Dixon departed this life intestate on the 22d day of September, 1894, while a resident of and domiciled in Boyd county, Kentucky; that by an order of the Boyd county court, made and entered on the —— day of September, 1894, plaintiff was appointed administratrix of his estate, and gave bond and duly qualified, and is now acting as the administratrix of the said estate. A copy of said order is filed herewith as part hereof, marked ' A.'

" She says that the defendant The Chesapeake and Ohio Railway Company is and at the time hereinafter stated was a corporation and common carrier of freight and passengers for hire, and said defendant, by its locomotives, cars, and other appurtenances, now operates and at the times hereinafter stated operated lines of railway extending into the county of Boyd and State of Kentucky. She says that on the 22d day of Septem-

ber, 1894, while crossing the track of the defendant at the crossing of the Ashland and Catlettsburg Turnpike road and within the corporate limits of said town, the said intestate, Alexander Dixon, was by the negligence of the defendant The Chesapeake and Ohio Railway Company and of its agents and servants, R. H. Chalkey and Wm. Sidles, who were in charge thereof, run over and instantly killed by one of defendant's passenger trains while on its way from Catlettsburg to Ashland, Boyd county, Kentucky, whereby she has been damaged in the sum of thirty thousand dollars.

"At the time and place when and where plaintiff's intestate was injured, as aforesaid, the defendants R. H. Chalkey and Wm. Sidles were and for a long time theretofore had been servants of the corporate defendants, in charge and control of said train, and then and there were and for a long time theretofore had continuously been respectively engineer and fireman of said train, and said negligence of the corporate defendant was done by and through its said servants and other of its servants then and there in its employment, and said negligence was the joint negligence of all the defendants."

On the 30th of January, 1895, the railway company filed its petition for the removal of the cause to the District Court of the United States for the District of Kentucky, and tendered therewith a bond, as required by law.

The petition read as follows:

"Your petitioner, Chesapeake and Ohio Railway Company, respectfully shows that it is one of the defendants in the above entitled suit, and that the matter and amount in dispute in the said suit, exclusive of interest and cost, exceeds the sum or value of $2000.

"Your petitioner further shows that the said suit is of a civil nature, and that there is in said suit a controversy which is wholly between citizens of different States, and which can be fully determined as between them, to wit, a controversy between your said petitioner, The Chesapeake and Ohio Railway Company, who avers that it was at the time of the bringing of this suit and still is a corporation created, organized, and existing under and by virtue of the laws of the State of Virginia

and a citizen of the said State of Virginia, and the said plaintiff, Lucy Dixon, administratrix of Alexander Dixon, who, your petitioner avers, was then and still is a citizen of the State of Kentucky; that the said controversy is of the following nature, viz:

" Whether your petitioner is liable to the said plaintiff for damages on account of the death of said intestate, alleged to have been caused by the negligence of certain of its servants therein named and made defendants thereto and other of its servants then and there in its employment and who are not named, it being claimed by said plaintiff that because thereof your petitioner is liable in damages to her, and that your petitioner and the said plaintiff are both actually interested in said controversy.

" Your petitioner further states that the defendants R. H. Chalkey and William Sidles are neither necessary nor proper parties defendant to this cause, and that they were made parties defendant to this cause for the sole and single purpose to prevent a removal by petitioner of this cause to the Circuit Court of the United States for the District of Kentucky, and thereby unlawfully to deprive your petitioner of the right conferred upon it by the Constitution and laws of the United States."

The Boyd Circuit Court adjudged the bond sufficient, but overruled the petition.

Separate answers by the company and by Chalkey and Sidles were thereupon filed, and issue joined thereon; trial was had, resulting in a verdict and judgment in favor of plaintiff; and the judgment was affirmed, on appeal, by the Court of Appeals of Kentucky.    47 S. W. Rep. 615.

In the opinion of that court it was said, among other things:

" The main ground for reversal is the refusal of the lower court to sustain the petition of the appellant the Chesapeake and Ohio Railroad Company for a transfer of this case to the United States court for the District of Kentucky.

" The ground upon which the transfer was sought, as alleged in the petition asking it, is that the action is wholly between citizens of different States, the Chesapeake and Ohio Railroad Company being a corporation created under the laws of the

State of Virginia, and a citizen thereof, while appellee, Lucy Dixon, is and was a citizen of the State of Kentucky. As appellants Chalkey and Sidles were, when this action was commenced, citizens of Kentucky, the Boyd Circuit Court had jurisdiction of the persons of all the defendants, as well as of the subject of the action, if the defendants were jointly guilty of the negligence alleged to have been the cause of the death of Alexander Dixon, and jointly liable therefor.

" It is alleged by appellee in her petition, and, so far from the contrary being shown by appellant the Chesapeake and Ohio Railroad Company, is clearly proved by the evidence in this case that appellants Chalkey and Sidles, as engineer and fireman of said train, were guilty of the negligence causing said death, and that the Chesapeake and Ohio Railroad Company, through its said employés, was also guilty of said negligence; and therefore they were jointly liable for the destruction of the life of said Dixon, caused thereby.

" It is not material that, as alleged in the petition for a transfer of this case, Chalkey and Sidles were made parties defendant for the single purpose of preventing the removal of the case by the Chesapeake and Ohio Railroad Company to the Circuit Court of the United States for the District of Kentucky, or what may have been the motive of the plaintiff for bringing a joint action, unless they were wrongfully and illegally joined; and such is the doctrine as settled by the Supreme Court of the United States.

" As, therefore, the appellant Chesapeake and Ohio Railroad Company neither sufficiently alleged nor attempted to prove that the defendants were wrongfully joined as such, the lower court properly refused to make the transfer."

To review the judgment of the Court of Appeals this writ of error was allowed.

*Mr. W. H. Wadsworth* for plaintiff in error. *Mr. A. M. J. Cochran* and *Mr. C. B. Simrall* were on his brief.

*Mr. James Andrew Scott* for defendant in error. *Mr. John H. Hager* and *Mr. R. S. Dinkle* were on his brief.

Mr. Chief Justice Fuller delivered the opinion of the court.

The question to be determined is whether the Court of Appeals of Kentucky erred in affirming the action of the Boyd circuit court in denying the application to remove. And that depends on whether a separable controversy appeared on the face of plaintiff's petition or declaration. If the liability of defendants, as set forth in that pleading, was joint, and the cause of action entire, then the controversy was not separable as matter of law, and plaintiff's purpose in joining Chalkey and Sidles was immaterial. The petition for removal did not charge fraud in that regard or set up any facts and circumstances indicative thereof, and plaintiff's motive in the performance of a lawful act was not open to inquiry.

By section 241 of the constitution of Kentucky it is provided that "whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then, in every such case, damages may be recovered for such death, from the corporations and persons so causing the same."

Section 6 of the Kentucky statutes provides : " Whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then in every such case, damages may be recovered for such death from the person or persons, company or companies, corporation or corporations, their agents or servants, causing the same, and when the act is wilful or the negligence is gross, punitive damages may be recovered, and the action to recover such damages shall be prosecuted by the personal representative of the deceased."

The cause of action thus created is independent of any right of action the deceased may have had, or would have had if he had survived the injury ; and in this case the Court of Appeals held that the company and its engineer and fireman were jointly liable for Dixon's death, if caused by the negligence of those employés ; and that the cause of action as alleged against all the defendants was an entire cause of action. The court also held that such cause of action was sufficiently proven, but we are dealing with the pleadings alone.

Counsel for plaintiff in error contends, however, that plain-

tiff's complaint does not state a joint cause of action against the corporate and individual defendants, but states a separate cause of action against the railway company and a separate cause of action against the other defendants.

It is conceded that if an action be brought on a joint cause of action it makes no difference that separate causes of action may have existed on which separate actions might have been brought, and furthermore that it makes no difference that in an action on a joint cause of action a separate recovery may be had against either of the defendants; while it is insisted that if two or more separable controversies appear from the averments it is not material whether they have been properly or improperly joined.

If the liability was not joint then separable controversies existed, and the argument is that the averment that the negligence complained of " was the joint negligence of all the defendants " merely stated the conclusion of law that the company and its employés were jointly liable in the action for the injury inflicted through the negligence of the latter in the course of and within the scope of their employment, and this conclusion is denied on the ground that the liability of the company as alleged rested on a wholly different basis from that of the liability of its servants.

In *Warax* v. *Cincinnati, N. O. & T. P. Railway Company*, 72 Fed. Rep. 637, Taft, J., held that there were separable controversies in such cases, because the liability of the master for the negligence of his servants in his absence, and without his concurrence or express direction, arises solely from the policy of the law which requires that he shall be held responsible for the acts of those he employs, done in and about his business, while the liability of the servant arises wholly from his personal act in doing the wrong.

This view of the ground of the master's liability is expressed by Mr. Pollock in his work on Torts, (Amer. ed. 89, 90,) thus : " I am answerable for the wrongs of my servant or agent, not because he is authorized by me or personally represents me, but because he is about my affairs, and I am bound to see that my affairs are conducted with due regard to the safety of others."

So it was said by Lord Brougham in *Duncan* v. *Findlater*, 6 Clark & Fin. 894, 910 : " The reason that I am liable is this, that by employing him I set the whole thing in motion ; and what he does, being done for my benefit and under my direction, I am responsible for the consequences of doing it."

By Lord Cranworth in *Barton's Hill Coal Company* v. *Reid*, 3 McQueen, 266, 283 : " He is considered as bound to guarantee third persons against all hurt arising from the carelessness of himself or of those acting under his orders in the course of his business."

And by Chief Justice Shaw in *Farwell* v. *Boston & Worcester Railroad Company*, 4 Met. 49 : " This rule is obviously founded on the great principle of social duty, that every man, in the management of his own affairs, whether by himself or by his agents or servants, shall so conduct them as not to injure another ; and if he does not, and another thereby sustains damage, he shall answer for it.   If done by a servant, in the course of his employment, and acting within the scope of his authority, it is considered, in contemplation of law, so far the act of the master, that the latter shall be answerable *civiliter*."

Whatever its sources or the principles on which it rests, the rule itself is firmly established ; and many courts have held the identification of master and servant to be so complete that the liability of both may be enforced in the same action, although other courts have reached the opposite conclusion.[1]   As remarked by Mr. Justice Gray, then Chief Justice of Massachusetts, in *Mulchey* v. *Methodist Religious Society*, 125 Mass. 487, the question is " a somewhat nice one," the determination of which by the highest court of Kentucky we are not called upon to revise as the disposition of this case turns on other considerations.

In respect of the removal of actions of tort on the ground of separable controversy, certain matters must be regarded as not open to dispute.   In *Powers* v. *Chesapeake & Ohio Railway Company*, 169 U. S. 92, it was said :

" It is well settled that an action of tort, which might have

---

[1] See cases collected in 15 Encyc. Pleading and Practice, 560.

been brought against many persons or against any one or more of them, and which is brought in a state court against all jointly, contains no separate controversy which will authorize its removal by some of the defendants into the Circuit Court of the United States, even if they file separate answers and set up different defenses from the other defendants, and allege that they are not jointly liable with them, and that their own controversy with the plaintiff is a separate one; for, as this court has often said, ' A defendant has no right to say that an action shall be several which the plaintiff seeks to make joint. A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his suit to final decision in his own way. The cause of action is the subject-matter of the controversy, and that is, for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings.' *Pirie* v. *Tvedt,* 115 U. S. 41, 43; *Sloane* v. *Anderson,* 117 U. S. 275; *Little* v. *Giles,* 118 U. S. 596, 600, 601; *Louisville & Nashville Railroad* v. *Wangelin,* 132 U. S. 599; *Torrence* v. *Shedd,* 114 U. S. 527, 530; *Connell* v. *Smiley,* 156 U. S. 335, 340."

In *Railroad Company* v. *Wangelin* it was said to be equally well settled "that in any case the question whether there is a separable controversy which will warrant a removal is to be determined by the condition of the record in the state court at the time of the filing of the petition for removal, independently of the allegations in that petition or in the affidavit of the petitioner — unless the petitioner both alleges and proves that the defendants were wrongfully made joint defendants for the purpose of preventing a removal into the Federal court." In that case the declaration charged two corporations with having jointly trespassed on the plaintiff's land, and it was insisted that one of the corporations was not in existence at the time of the alleged trespass, but that was held to be a question on the merits.

And in *Provident Savings Life Assurance Society* v. *Ford,* 114 U. S. 635, it was held that the question of a colorable assignment was matter of defence and not ground for removal.

The contention of counsel is that this complaint charged neither direct nor concurrent nor concerted action on the part

of all the defendants, but counted merely on the negligence of the employés.

If the complaint should be so construed, the question would still remain whether the cause of action was not entire as the case stood, and the objection of the difference in the character of the liability matter of defense, which might force an election, or defeat the action as to one of the parties.

The cause of action manifestly comprised every fact which plaintiff was obliged to prove in order to obtain judgment, or, conversely, every fact which defendants would have the right to traverse. And on the principle of the identification of the master with the servant, it would seem that there was no fact which the company could traverse which its codefendants, being its employés, could not. At all events a judgment against all could not afterwards be attacked for the first time on this ground.

But does the complaint bear the construction the company puts upon it?

The pleader did not set forth, and, according to the decision of the Court of Appeals, this was not material, the specific acts of negligence complained of. It was stated that the "negligence of the corporate defendant was done by and through its said servants and other of its servants then and there in its employment, and said negligence was the joint negligence of all the defendants." Assuming this averment to be inconsistent with a charge of direct action by the company, it may nevertheless be held to amount to a charge of concurrent action when coupled with the previous averment that Dixon was killed while crossing the track at a turnpike crossing by the negligence of the company and the other defendants in charge of the train. The negligence may have consisted in that the train was run at too great speed, and in that proper signals of its approach were not given; and if the speed was permitted by the company's rules, or not forbidden, though dangerous, the negligence in that particular and in the omission of signals would be concurrent. Other grounds of concurring negligence may be imagined. And where concurrent negligence is charged the controversy is not separable.

In *Whitcomb* v. *Smithson*, 175 U. S. 635, the action was brought in the state court against one railway company and the receivers of another to recover for personal injuries inflicted by concurrent negligence. The cause was removed to the Circuit Court and remanded because there was no separable controversy. At the close of the evidence on the subsequent trial the company moved that the jury be instructed to return a verdict in its favor, which was resisted by plaintiff, but granted by the court, and a verdict returned accordingly. The other defendants, the receivers, then applied for a removal, which was denied. We held the ruling in favor of the company was a ruling on the merits and not a ruling on the question of jurisdiction, and sustained the action of the state courts.

*Chicago, Rock Island &c. Company* v. *Martin*, 178 U. S. 245, is another case in which an action for concurrent negligence was held not to present a separable controversy.

In *Powers* v. *Chesapeake & Ohio Railway Company, supra*, where the company and its employés had been jointly sued as in the case at bar, the case had been remanded on removal for want of separable controversy. Plaintiff subsequently discontinued the action as to all the defendants except the company, and the company again made application to remove. This was denied by the state court but granted by the Circuit Court, and the judgment of the latter was affirmed by this court, the question of separable controversy being necessarily not passed on here. 169 U. S. 92.

*Plymouth Gold Mining Company* v. *Amador & Sacramento Canal Company*, 118 U. S. 264, and *Connell* v. *Utica &c. Railroad Co.*, 13 Fed. Rep. 241, are more in point on the precise question sought to be raised, and in the latter case Mr. Justice Blatchford expressed the opinion that it was proper for the Federal courts to follow the decisions of the state courts that a cause of action was entire.

Our conclusion is that it cannot properly be held that it appeared on the face of this pleading, as matter of law, that the cause of action was not entire, or that a separable controversy was presented.

*Judgment affirmed.*

ı Mr. Justice Harlan and Mr. Justice White dissented.

Mr. Justice McKenna, not having heard the argument, took no part in the disposition of the case.