## IMPROPER JOINDER OF MASTER AND SUPERINTENDENT IN ACTION FOR WRONGFUL DEATH.

[Circuit Court of Lucas County.]

ROBERT V. FRENCH, ADMINISTRATOR, v. THE CENTRAL CON-STRUCTION COMPANY ET AL.

Decided, June 16, 1906.

*Joinder of Parties—Master and Superintendent can not be Joined, When—Misfeasance of Servant—Doctrine of Respondeat Superior—Election Between Parties—Final Order—Pleading—Procedure—Dismissal—Sections 6707 and 5314.*

1. An order which determines the particular action pending is a final order, notwithstanding it does not determine the right of action involved.
2. The wrongful death of a servant, due to the misfeasance of the superintendent under whom he was employed, does not afford ground for a joint action against the superintendent and the master, but may be made the basis of an action against the superintendent for his negligent act or against the master under the doctrine of *respondeat superior;* and where the action has been brought against both jointly, the plaintiff may be required to elect against which one the cause shall proceed.
3. Where the master is a corporation, and has no office or place of business in the county where the tort occurred, and suit thereon has been brought against the master and superintendent jointly, and the evidence has disclosed that the liability is not joint, the master may be dismissed on its own motion, or the plaintiff may be required to elect as to which defendant he will proceed against, and in the event of his refusing to elect the action may be dismissed.

PARKER, J.; HAYNES, J., and WILDMAN, J., concur.

The action in the court below was by the plaintiff in error against the defendant in error, and was to recover on account of the death of the decedent, which was charged was caused by the negligence of the defendants. The issues were made up, and after evidence had been introduced on behalf of. the plaintiff and the plaintiff had rested his case, the following action was taken, as set forth in the journal entries:

"The plaintiff having introduced all his evidence, and having rested his case, the defendant, Edward S. Hatch, moved the court to require the plaintiff to elect as to whether he would prosecute this action against the said defendant Hatch, or against the defendant, the Central Construction Company.

"Upon consideration of the said motion, the same was granted by the court and the plaintiff was ordered and directed to prosecute his action against either the defendant, Hatch, or the defendant, the Central Construction Company, and was denied the right to prosecute the same jointly against the defendants hereto, to which action of the court the plaintiff then and there duly excepted, and with which order of the court the plaintiff then and there refused to comply, and requested that the case be submitted to the jury, which request was denied, to which the plaintiff excepted.

"Thereupon, by reason of the failure of the plaintiff to comply with the said order, the court withdrew a juror and dismissed this action. To all of which the plaintiff duly excepted.

"This action is dismissed solely upon the refusal of the plaintiff to comply with the order of the court requiring him to elect which of said defendants he shall prosecute herein, and not upon the merits of the plaintiff's cause of action."

Thereafter certain other steps were taken in the case in pursuance of an effort of the plaintiff to have a new trial and to obtain leave to file an amendment to his petition, which we need note particularly.

Plaintiff in error complains of this action on the part of the court, but on behalf of the defendants in error it is contended that error does not lie to reverse an order of this kind; that it is an order made in pursuance of clause 5 of Section 5314 of the Revised Statutes, to-wit, "By the court, for disobedience by the plaintiff of an order concerning the proceedings in the action"; that the dismissal is without prejudice, and is simply in the nature of a penalty for the disobedience of the court's order in the premises, and is not such a final order or judgment as that error lies to it.

Section 6707 provides that "an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment" is a final order which may be vacated, modified or reversed. We think that means an order which in effect determines the particular action pending, not

an order which necessarily determines the right of action, and that when a court, against plaintiff's protest, dismisses his action so as to prevent a judgment in that particular action, if the action of the court is not warranted by the law, its reversal may be obtained by proceedings in error. *Evans* v. *Iles,* 7 O. S., 233.

It is agreed by counsel that the action of the court in requiring an election was based upon the opinion of the court that the cause of action stated in the petition was not joint as against the Central Construction Company and Edward S. Hatch, but was several as against one, or perhaps both. It is also agreed that the real purpose of the motion on behalf of defendants upon which the court made this order was to put the matter in such shape as that if the plaintiff should elect to proceed against the Central Construction Company, then a motion might be made to dismiss his cause as to that company, for the reason that the court had no jurisdiction over its person; at least, jurisdiction over its person had not been rightfully obtained.

The petition, and the record otherwise, discloses that the Central Construction Company is a corporation organized under the laws of the state of Ohio, having an office and place of business in Medina, Medina county, Ohio, and it is averred in the petition that it also has a place of doing business in Lucas county, Ohio. Mr. Hatch was a resident of Lucas county. Upon the petition being filed, a præcipe was filed for summons for each of the defendants, to be directed to the sheriff of Lucas county; also a summons for the Central Construction Company, to be directed to the sheriff of Medina county. Service was made upon Hatch in Lucas county, and upon the construction company, reading from the return, "by delivering to Edward S. Hatch, managing agent of said company, a true and certified copy of this writ with endorsements hereon. The president, chairman or president of the board of directors, cashier, treasurer, secretary and clerk, and all other officers and agents of said company, could not be found by me in Lucas county, Ohio." That is a part of the return upon the summons issued to the sheriff of Lucas county. It appears from the record that upon motion of the construction company this service was set

aside, upon a showing that Hatch did not occupy this position in the company, and that the company did not have an office and place of business in Lucas county, Ohio. Thereupon summons was sent to the sheriff of Medina county, Ohio, and was served on the Central Construction Company there.

As the petition stood, with the averment in it that the construction company had an office and place of doing business in Lucas county, Ohio, the construction company could not raise the question of jurisdiction over its person by demurrer to the petition, for the statute provides that a corporation may be sued in any county in the state where it has an office and place of doing business. So it appears that in order to present this question of jurisdiction the construction company was required to and did answer; and in the opening paragraph, it says this: "Now comes the Central Construction Company, one of the defendants herein, and protesting that this court has not obtained jurisdiction over the person of the defendant, files this, its answer to the plaintiff's petition herein." Then follows its answer to the merits.

It has seemed to the parties, and it is perhaps true, that it could not be made clearly manifest whether this was a joint cause of action or a several cause of action, until after the plaintiff's case had been developed by the testimony introduced on his behalf. The court and counsel seem to have proceeded upon that theory, and therefore, after the evidence was all in, the action which I have mentioned respecting election was taken, with the purpose of presenting this question to the court.

Now, it appears from the evidence that if the construction company was liable at all on account of the negligence charged against Hatch, it was so liable under the doctrine of *respondeat superior*. The construction company was building a bridge across the Maumee river at Grand Rapids, Ohio. Hatch, in the employ of the construction company, was superintending the building of the bridge. March was an employe of the construction company, and was at work upon the bridge. Hatch was his superior. By an alleged negligent act done by Hatch personally, or by his direction, or under his supervision, a part of the apparatus which supported March while at work,

was disarranged, and, as a consequence, March fell to the river on the rocks beneath and was killed. This the evidence at least tends to show. The construction company had not directed Hatch to do this particular thing. The construction company was not in the position of an employer who was present directing the particular act complained of. It was a corporation; it was absent. The authority of Hatch and the directions to Hatch, were general, to superintend the work. So that I say it appears that if the construction company was liable at all it was liable under the doctrine of *respondeat superior;* because of the negligence of its servant, Hatch; and solely because of his misfeasance.

Under such circumstances, as we understand the law as laid down by the Supreme Court of this state, the cause of action is not against Hatch and the construction company jointly. Assuming that what the evidence tends to show is the true state of affairs, we are of the opinion that it would constitute a cause of action against Hatch on account of his wrongful and negligent act, and also a cause of action against the construction company under the doctrine of *respondeat superior,* but not against them jointly. This we understand to be the doctrine of the case of *Clark* v. *Fry,* 8 O. S., 358. The question of whether this would constitute a cause of action against Hatch at all has been discussed, but we do not regard the decision of that question as being necessary here, though I have already intimated the opinion of the court upon it; that is, that this is not a mere non-feasance upon the part of Hatch, in which case there would be no cause of action against him in favor of the estate of March, but it is a misfeasance, accompanied by a physical act on the part of Hatch, resulting in the injury to March, and therefore, giving rise to a cause of action against Hatch.

In the case of *Clark* v. *Fry, supra,* Freeman was the employe of Clark in the digging of a cellar upon certain premises owned by Clark, and an area at the front thereof extending into the street. This excavation within the lines of the street was not sufficiently guarded, and Fry, a pedestrian on the street, fell

into the excavation and was injured. Fry brought action against both Clark and Freeman and judgment was obtained against both. Clark prosecuted error; the judgment against Freeman was allowed to stand without question. It did not appear in that case that Clark was personally present, directing the work being done by Freeman, and therefore, it appeared, and was held, that if Clark was liable at all, he was liable only under the doctrine of *respondeat superior*. In discussing the matter, Chief Justice Bartley has this to say, reading from page 377:

"But whether the liability to the defendant in error, if any existed, attached to Freeman alone, or to Clark for the negligence of his servant or agent, or to Clark and Freeman, as joint tort feasors, depended upon a legal question arising upon the relation betwen Clark and Freeman in respect to the transaction alleged as the occasion of the injury. If the excavation had been *ipso facto* unlawful as an unnecessary encroachment on the street, Clark and Freeman would have been liable, if any liability existed, jointly as wrong-doers. But if there was nothing in the work that Clark had required by the contract to be done which was in itself unlawful, or which, properly done, could be the occasion of an injury to anyone; and Freeman, wholly free from the control of Clark as to the manner of doing the work, had, by his own wrongful and negligent conduct, been the cause of the injury, he alone would be liable. If, however, Freeman, acting under the control and direction of Clark, as his servant or agent, had negligently and wrongfully allowed the excavation to be in an unfenced or otherwise dangerous condition, whereby the injury was sustained, Clark would be liable, although not jointly with Freeman. In this last instance supposed, either Clark or Freeman might be sued separately; but inasmuch as Clark, although he could not excuse himself on the ground that the nuisance had been occasioned by the negligence of Freeman, would have a right of action against Freeman for the recovery of such damages as he might be compelled to pay by reason of his negligence, he (Clark) could not be joined in the same action with Freeman. This doctrine was expressly ruled in *Parsons* v. *Winchell*, 59 Mass., 592; and it appears to rest upon a reason which is entirely satisfactory."

Judge Bartley does not mention what that reason is, but we have taken occasion to examine the case of *Parsons* v. *Winchell*, *supra*, and it seems to us that the reason stated is one that had its

foundation in the common law practice. Whether it obtains now seems to us doubtful, but the case of *Clark* v. *Fry, supra,* has not been overruled or questioned by our Supreme Court, and it has been followed by the lower courts of this state in a great many cases. We find one case reported, the case of *Seelen* v. *Ryan,* Cincinnati Superior Court Reports, at page 158, and it is cited with approval by the Circuit Court of the United States for the District of Kentucky, in the case of *Warax* v. *The Cincinnati, N. O. & T. P. Ry. Co. et al,* reported in 72 Federal Reporter, 637. The opinion in that case is by Judge Taft. He says, in the course of the opinion, "The cases which support the view that the master can not be joined as defendant in an action against his servant for negligence, where the master is not personally concerned in the negligence, either by his presence or express direction, are as follows," and then follows the citation of a number of cases, including the case of *Clark* v. *Fry, supra.*

The syllabus in *Warax* v. *Railway, supra,* distinctly upholds the contention of counsel for the defendant in error. I read the second and third clauses:

"2. When the engineer of a railroad train starts such train without giving warning, while he knows, or ought to know that a switchman is between the cars of the train engaged in coupling them, in consequence of which the switchman is injured, the engineer's act is misfeasance, not non-feasance.

"3. When the master is made liable for the negligence or wrongful act of his servant solely upon the ground of the relationship between them under the doctrine of *respondeat superior,* and not by reason of any personal share in the negligent or wrongful act by his presence or express direction, he is liable severally only and not jointly with the servant."

I go back now for a moment to quote from the opinion by Metcalf, J., in the case of *Parsons* v. *Winchell, supra*—the reason of the rule that though the parties may both be liable, they may not be sued jointly (page 593).

"To maintain an action against two or more jointly, the plaintiff must show a joint cause of action. In an action *ex delicto,* the act complained of must be the joint act of all the defendants, either in fact or in legal intendment and effect.

In trespass all are principals, and he who commands a trespass to be committed, though absent when it is committed, is regarded as a trespasser and may be sued alone or jointly with him who obeyed his command. And it has been decided that where one of several ·proprietors of a coach and horses acted as driver in the absence of the others and injured a third party by negligent driving, that he and the other proprietors were jointly liable to such party in an action on the case. *Morton* v. *Hardern,* 6 Dowl. & Rye, 275; and 4 Barn. & Cres., 223.

"They were all held to be responsible for the conduct of the person whom they suffered to drive, whether he was one of themselves or their servant. But the act of a servant is not the act of the master, even in legal intendment or effect, unless the master previously directs or subsequently adopts it. In other cases he is liable for the acts of his servant, when liable at all, not as if the acts were done by himself, but because the law makes him answerable therefor. 'He is liable,' says Lord Kenyon, 'to make a compensation for the damage consequential from his employing an unskillful or negligent servant.' 1 East., 108. The servant also is answerable to the party injured by his acts done as servant, and is answerable to the master for any damages which the master is compelled to pay for his wrongful acts, unless those acts were directed by the master. But if a master and servant were jointly liable to an action like this, the judgment and execution would be against them jointly, as joint wrong-doers, and the master, if he alone should satisfy the execution, could not call on the servant for reimbursement nor even for contribution. *Merryweather* v. *Mixan,* 87 R., 186; *Vose* v. *Grant,* 15 Mass., 505, 521."

I repeat, whether that is so now, we are inclined to doubt. If the action should proceed against the master and his servant jointly and a joint judgment be rendered against them, and the master should satisfy it and it should turn out that the fault was that of the servant, that is, as between the master and the servant, the servant should answer to the master and make him whole. We are inclined to think that, under our practice, a joint judgment in a joint action against them would not be a bar to an action by the master against the servant to require him to make the master whole. Because it would have been a bar or would have prevented such action by the master against the servant under the common law methods of procedure is the

reason, as we understand it, why the action against them jointly was not allowed to go forward.

I speak of a case where the recovery is on account of the wrongful act of the servant and the servant is liable because of his own act, and the master is liable solely because of the servant's act. If, in a case of that kind, judgment should be rendered against both, and the master should satisfy it, the master ought to have an action against the servant to recover the whole amount—not contribution. This would not conflict with the doctrine that contribution between joint tort feasors can not be compelled. The servant has violated his duty to the master, whereby the master has been mulcted in damages, and the servant should relieve the master of all burden. But we suggest this simply as a question that has arisen in our minds in the case. We feel bound to adhere to the rule laid down by the Supreme Court in the case of *Clark* v. *Fry, supra,* until that court shall see fit to adopt a different rule.

In the case of *The American Bridge Company* v. *Hunt,* in 130 Federal Reporter, page 304, Judge Lurton, delivering the opinion of the Circuit Court of Appeals, Sixth Circuit, calls attention to the fact that there is a difference of opinion upon this question among the courts of the country. I quote:

"Whether there is such legal identity of master and servant or concert between them as to justify a joint action when the act or negligence charged is that of the servant alone, and the liability of the master is bottomed not upon any immediate fault of the master, but upon the liability of the latter for the negligent acts of the servant, may admit of much discussion."

He then proceeds to cite the Warax case found in the 72 Federal Reporter, and a number of other cases in support of the rule that they may not be sued jointly, and then says:

"It must be confessed, however, that the doctrine of the common law with reference to the joinder of master and servant in one suit based alone upon the tort of the servant, as in the Warax case and other cases cited above, is shaken by contrary intimations found in *Powers* v. *Chesapeake, etc., Ry. Co.,* 169 U. S., 92-97 (18 Sup. Ct., 264; 42 L. Ed., 673).; and *Chesapeake & Ohio R. R. Co.* v. *Dixon,* 179 U. S., 131-137 (21 Sup. Ct., 67; 45 L. Ed., 121). This question, though a nice one, and not

foreclosed by authoritative decision, does not necessarily arise upon this transcript as we construe the averments of plaintiff's petition.''

So nothing was decided upon that point in that case. I call attention to it to show that it seems to be regarded in some courts as still an open or debatable question. Counsel cite other authorities indicating the same thing.

The practice pursued in this case in the court of common pleas is not familiar to us, but we can not see why it was not appropriate and right. We suppose that the same results might have been reached in other ways, but that is not important. We can not see why, when this evidence came in, the construction company might not have been dismissed from the case at once upon its own motion. It appearing that it was not jointly liable with Hatch and that it did not have an office or place of business in this county; but it is perhaps immaterial which course was pursued. I think the course pursued was one that was as favorable as possible to the plaintiff in error here. Perhaps the court below might have gone further; certainly it could have done so under the common law practice. It could have at once dismissed the case as to both without saying anything about election, upon the ground that there was a joint cause of action stated and improperly prosecuted, against two defendants, and no attempt to prosecute a several cause of action against either. But the court, as I say, took the course most favorable to plaintiff in error. It gave him an opportunity to amend by dropping one of the parties and proceeding against the other, and gave him his election as to which he would drop out, and which he would proceed against. But the plaintiff did not choose to avail himself of this opportunity. He insisted upon his right to proceed against both as upon a joint cause of action. We think the court was right in requiring him to proceed against one only, and it is conceded by counsel for plaintiff in error that if the court was right in its ruling upon this question, it follows that the court was right in its further action of dismissing the action as to both, because of non-compliance by the plaintiff in error with its order in the premises; and we are of the opinion that there was nothing else left for the court to do.

Having made that order respecting election, if it was not obeyed, the court could not well do anything else but dismiss the action and refuse to allow the plaintiff to proceed with his action against both; and this order of dismissal, we think, is justified by the fact that the court was correct in its ruling that it was not a joint cause of action—not one against which the defendants could be required to answer jointly. The judgment of the court of common pleas will be affirmed.

*C. A. Thatcher,* for plaintiff in error.

*Smith & Baker* and *W. H. McLellan, Jr.,* for defendants in error.