## THURSTON v. NORTHWESTERN FIRE & MARINE INS. CO. et al.

District Court, N. D. New York.
Dec. 28, 1934.

850

Single, Atkins & Tyler, of New York City, for plaintiff.

Purdy & Purdy, of New York City, for defendants.

COOPER, District Judge.

This is a motion to remand this case to the Supreme Court of the state of New York, Cayuga county, from which it was removed by the nonresident defendant, the Northwestern Fire & Marine Insurance Company.

The resident defendant, Cowles Towing Line, Inc., was not represented on this motion.

The defendant insurance company insured the plaintiff barge Mildred Thurston against certain perils of navigation on inland waters, including the canals of the state.

The Mildred Thurston sank in the Erie Canal near Lockport. The defendant insurance company, presumably after investigation, determined that, if it was liable at all, its liability would be lessened by raising the sunken barge and towing her to Buffalo where repairs could be made. Under the permissive clause of the policy the insurance company engaged the codefendant Cowles to do the work of raising and towing the barge. The Cowles Company did so.

The complaint alleges in substance that the defendant insurance company exercised the permissive right given in the policy to raise the sunken barge and tow her to Buffalo for repairs and that in so doing such defendant and the defendant Cowles Towing Company which it engaged to do the work were negligent and caused damage to the barge.

The plaintiff claims that the action is for the joint negligence of the defendants and is not removable where, as here, one of the joint tort-feasors is a resident. The defendant insurance company claims that the right of action is severable and that in any event no action for negligence will lie.

The pertinent allegations of the complaint are given hereinafter.

The rule is that when a resident plaintiff sues both a resident and a nonresident in the state court, the action is not removable to the federal court unless it is severable and the plaintiff could under his complaint proceed against each defendant separately. If the complaint states a joint and not a severable liability of the defendants, the case is not removable under section 28 of the Judicial Code (28 USCA § 71). Powers v. Chesapeake & Ohio Railroad Co., 169 U. S. 92, 18 S. Ct. 264, 42 L. Ed. 673; Chesapeake & Ohio R. Co. v. Dixon, 179 U. S. 131, 21 S. Ct. 67, 45 L. Ed. 121; Hay v. May Dept.

Stores Co., 271 U. S. 318, 46 S. Ct. 498, 70 L. Ed. 965; Lynes v. Standard Oil Company (D. C.) 300 F. 812.

■ Upon a motion in the federal court to remand, the burden is on the removing defendant to show that the case is removable. Carson v. Dunham, 121 U. S. 421, 425, 7 S. Ct. 1030, 30 L. Ed. 992; Wilson v. Republic Iron & Steel Company, 257 U. S. 92, 42 S. Ct. 35, 66 L. Ed. 144.

The removal in this case was obtained upon a petition or affidavit which did not state that the liability was severable but defendant insurance company now contends that it is severable. The burden is on the defendant of showing that the cause of action is severable and the case removable.

By the terms of the policy, the insurance company is exempt from liability under certain conditions. The insurer is also called upon to do various things as a condition of the insurer's liability. The assured may do various acts by way of salvaging the boat or reducing the loss, which are expressly declared not to be admissions of liability.

■ After detailed provisions, partly under the United States Arbitration Act for fixing the amount of the loss, the policy reads: "It is expressly understood and agreed that nothing done pursuant to the provisions aforesaid shall constitute an admission of liability by these insurers. * * *"

The later permissive provision here involved contains the same safeguard against the acts therein specified being construed as an admission of liability. The provision is as follows: "The insurers are hereby authorized as agent for the assured, to take such means as they may think fit toward recovering, saving and/or preserving the property insured, without affirming or denying any liability under this policy, and any such acts so done by these Insurers shall be considered as done on behalf of the Assured, without prejudice to the rights of either party. * * * And nothing done by these insurers and/or their agent or agents to the vessel, whether in recovering, saving, preserving, and/or disposing of said vessel, shall render these insurers liable as Insurers to the said assured, any liability for such acts being hereby expressly limited to the cost of making good injuries which may be suffered by the said vessel as a result of any negligence in the operation of saving, preserving or disposing thereof. None of the foregoing acts nor the making of temporary repairs, shall in any way affect the right of these Insurers to return the said vessel to the Assured in a damaged or partially repaired condition."

The complaint made appropriate allegations of the names and residence of the parties; that defendant had issued the insurance policy in question; that the policy contained the foregoing and other provisions; that the boat sank; that notice thereof was given; that the defendant undertook to prevent further damage by raising the sunken barge and towing her to a repair yard. The complaint then states the alleged negligence of the defendants in these words:

"11th. The defendant, Northwestern Fire and Marine Insurance Company, its agents, servants and employes, instead of preventing further damage to the barge 'Mildred Thurston' in her then condition, negligently and carelessly allowed the barge 'Mildred Thurston' to sustain further and extensive damage.

"12th. Upon information and belief, subsequently, defendant, Northwestern Fire & Marine Insurance Company, its agents, servants and employes, arranged for the raising of the barge 'Mildred Thurston' and the delivery thereof at Buffalo, N. Y. by the defendant, Cowles Towing Line, Inc.

"14th. Upon information and belief, thereafter the defendant, Cowles Towing Line, Inc., with the knowledge and consent of the defendant, Northwestern Fire & Marine Insurance Company, Inc., its agents, servants and employes, undertook to raise the barge 'Mildred Thurston' and deliver her to Buffalo, N. Y.

"15th. Upon information and belief, the defendant, Northwestern Fire and Marine Insurance Company, its agents, servants and employes, negligently and carelessly used a method of raising the barge 'Mildred Thurston' from the bottom of the New York State Barge Canal, which caused further extensive damage to the barge 'Mildred Thurston.'

"16th. Upon information and belief, defendant, Northwestern Fire & Marine Insurance Company, its agents, servants and employes negligently and carelessly failed to arrange with the defendant Cowles Towing Line, Inc., to use, and the defendant Cowles Towing Line, Inc., negligently and carelessly failed to use, a method of raising and delivering the barge 'Mildred Thurston' at Buffalo, which would not cause further damage to the 'Mildred Thurston.'

"17th. On information and belief, the defendants negligently and carelessly caused damage to the barge 'Mildred Thurston'

while engaged in raising her from the bottom of the New York State Barge Canal, and in delivering her at Buffalo."

While the policy expressly provides that in case the insurance company shall see fit in the exercise of its permissive rights under the quoted clause of the policy to attempt to recover, save, or preserve the lost boat, it shall do the same as an "agent for the assured," and "any such acts (of recovering, saving, etc.) so done by these insurers shall be considered as done on behalf of the assured," it is clear that if the insurer should be liable for total loss under the policy, the right to raise and repair a sunken boat is intended to give the insurer a chance to lessen the loss which he would otherwise have to pay under the policy.

In other words, the salvaging operation, for such it really is, is for the benefit of the insurer. The assured can get no benefit therefrom if the insurer is liable under the policy for the loss of the boat by the salvage operations. The assured would get his boat raised and repaired at no expense to him. Without salvage operations he would get the full amount for which the boat is insured. Salvage operations would only benefit the insurer.

In case of admitted liability by the insurer for the loss of the boat in navigation, this salvage provision with its liability for negligence is not of much consequence to the assured. If the sunken vessel can be raised and repaired, any additional damage caused by negligence in raising the vessel would have to be repaired by the insurer along with the damage caused by the sinking. It would not matter whether the damages to the boat were caused by the perils of navigation or by negligence in salvage, the insurer would take care of both.

But if, in a particular case, it turns out that the insurer is not liable for the loss of the barge in navigation and if before or without determining its liability as an insurer the insurer undertakes to salvage the boat to lessen its loss, and is guilty of negligence in the salvage operations, this negligence provision of the policy becomes of importance to the boat owner.

This permissive salvage provision permits the insurer to "return the vessel to the assured in a damaged or partly repaired condition."

The owner, in case the insurer is not liable for the loss of the boat under the policy, is entitled to salvage the boat himself unless the insurer undertakes to do so. But if the insurer so undertakes before the liability under the policy is determined, it must, in case it denies liability, return the boat with only such damage as occurred from the perils of navigation. If the boat when returned has received further damage from negligent salvage operations by the insurer, the negligence of the insurer in such salvage operations is made actionable.

The law imposes upon the insurance company in undertaking such salvage operations the duty of seeing that the things attempted to be done shall be done in at least an ordinarily skillful and workmanlike manner under the conditions existing and the custom and knowledge of the trade or trades involved in the doing, and without negligence.

Also, the contract itself expressly provides that the insurer, as such agent, shall be liable for negligence in so doing, which is but another way of saying that the insurer shall see that such work is done in at least an ordinarily skillful and workmanlike manner. The insurance company could, under the policy, do such work itself or employ others to do it.

While the contract provides that in doing the work of salvaging the insurer is acting as agent of the plaintiff owner, the selection of third parties to do the work rests exclusively with the insurer. And the insurer under the policy makes itself specially liable for negligence in the salvage operations. If it does not do the work itself, it has the duty of engaging skillful and competent third parties, and, if necessary, of taking affirmative steps to see that the work is done in at least an ordinarily skillful and workmanlike manner and without negligence. It is responsible under the policy for its own negligence and for the negligence of its "agent or agents." This means that it is responsible for the negligence of whomsoever it may engage to do the salvage operations.

It may be a defense, so far as the insurance company is concerned, to show on the trial that the reputation of the third party for skill in such work was excellent and that it took care to engage only a third party with such reputation.

Also, it may be, and probably is, true that the insurance company could recover from the third party any damages it is compelled to pay the plaintiff either in this ac-

tion in which the third party is joined as defendant or as a result of any suit which the plaintiff may bring against the defendant alone for the alleged negligence.

But these questions are not now decided, for the allegations of the complaint are controlling here. Alabama Great Southern R. Co. v. Thompson, 200 U. S. 206, 216, 217, 26 S. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147.

It may reasonably be taken that the plaintiff in his complaint intended to allege that the third party was guilty of negligence and that the insurer was also guilty of negligence, which negligence co-operated with the negligence of the third party and became a part of the combined negligence.

While not alleged in so many words, the reasonable inference of the quoted paragraphs is to allege that the defendant company (the agent of the plaintiff) failed in its duty to see that the defendant Cowles Company used a proper, customary, and skillful method of raising the barge and towing it to Buffalo, but negligently permitted the Cowles Company to use an improper, unusual, and unskillful method of raising and delivering the barge; that the Cowles Company did, through such failure of duty on the part of the insurance company, negligently use such improper, unusual, and unskillful method of raising and towing the barge and the result of such negligence was damage to the barge.

If it be assumed that because of other provisions of the policy the insurers are not liable under the policy for the loss of the barge, there is nevertheless express reservation of the right of the assured to recover for any negligence of the insurer in the operations undertaken by the insurer to save, preserve, or dispose of the barge. Doubtless such liability for negligence would exist were there no such provision in the policy. Possibly the parties might, in the absence of a prohibitory statute, contract to relieve the insurer from liability for such negligence even when it is not liable under the policy for the loss. But the parties did not so contract. The policy specified that the insurer should be liable for such negligence whether or not it was liable for the loss of the barge under the policy.

■ The claim that the complaint does not state a cause of action is hardly before the court on this motion, for every reasonable intendment of the complaint must be taken. Besides, the plaintiff has power to amend the complaint.

■ In whatever capacity the insurer acts in undertaking salvage operations, it is liable for negligence occurring in such operations whether it engages others to perform them or performs them itself. Such is the plain import of this provision of the policy.

■ Taking such view of the complaint, the essential question is, Does the complaint allege a joint liability on the part of both defendants and not a separate one as to each defendant?

The question is not answered by saying that the plaintiff could have brought his cause of action against either defendant separately. Powers v. Chesapeake & Ohio Railway Co., 169 U. S. 92, 18 S. Ct. 264, 42 L. Ed. 673, supra; Lynes v. Standard Oil Company (D. C.) 300 F. 812, supra.

The question must be answered by determining whether or not the complaint on its face, and however imperfectly, alleges a joint liability. If the allegation of facts taken at their face and with every reasonable intendment which may be taken therefrom, states a joint liability, the decision must be for the plaintiff, whatever the nature of the cause or of action. Chesapeake & Ohio R. Co. v. Dixon, 179 U. S. 131, 139, 21 S. Ct. 67, 45 L. Ed. 121, supra; Slate v. Hutcherson, 15 F.(2d) 551 (C. C. A. 4).

■ Allegations which are purely conclusions of law are not sufficient.

■ But the complaint is not required to and should not state numerous evidentiary facts. It is sufficient for the complaint to allege that the work of raising, towing, etc., of the sunken boat was performed in an unskillful and unworkmanlike manner, leaving to a bill of particulars the specifications of the things done or omitted which constituted negligence.

■ It is doubtless sufficient also to allege that the defendant insurance company was a participant in the total negligence by not properly instructing the third party whom it engaged or not requiring such third party to perform the work in the usual or ordinary manner in which such work is done. If more specification is required, that might also be obtained by a bill of particulars.

■ There can be little doubt that the pleader intended to allege a joint liability for negligence in the salvage operations. The policy provision stated that the insured should be liable for negligence in salvage operations "done by these insurers and/or their agent or agents."

854

It is reasonable to conclude that this is an admission of liability for negligence, if such there be, both by the insurer and its agent, the defendant Cowles Company. Certainly paragraph 17 in its allegation, "the defendants negligently and carelessly caused damage to the barge while engaged in raising her * * * and delivering her at Buffalo," states a joint negligence.

■ Since the rule requires the acceptance of plaintiff's cause of action as pleaded, or intended to be pleaded, the court cannot say that a joint liability is not pleaded. If there is doubt, it must be resolved in favor of the pleader.

■ Does the fact that the parties were in contract relation at the time of the negligent acts exclude all other action, except upon the contract or for breach of the contract, as defendant contends?

That a party in contract relation in a proper case may maintain an action for negligence against the other party in the contract relation is supported by well considered cases.

A case in close analogy is Attleboro Mfg. Company v. Frankfort Marine Accident & Plate Glass Insurance Company, 240 F. 573 (C. C. A. 1).

In that case the defendant insurance company had issued an indemnity insurance policy insuring the plaintiff against claims for damages on account of injury or death suffered by plaintiff's employees through plaintiff's alleged negligence. One of plaintiff's employees was injured and he brought suit against the plaintiff for negligence.

The policy provided that the insurance company should at its own instance undertake the defense of any legal proceedings against the assured and should have entire control thereof.

The policy further provided that the insurance company had the right to pay the insured the full amount for which the company is liable in respect to the claim sought to be enforced, whereupon it would be released from obligation to carry on the defense of the action against the insured plaintiff. The defendant insurance company also had the right to settle the claim.

Upon the trial the injured employee recovered an amount which was greatly in excess of the liability of the defendant insurance company under the policy.

After judgment, the insured plaintiff brought suit against the defendant insurance company, charging that the defendant was negligent in its conduct of the defense of the action brought by the employee against the plaintiff. The specific charges of negligence were failure to properly investigate the circumstances, failure to properly prepare a defense, failure to produce favorable evidence, and allowing favorable evidence to be lost.

There, as here, the defendant insurance company claimed that the action was in contract on the policy and no action for negligence would lie.

There the insurance company was obliged to undertake the defense of said suit and had entire control of the defense. It could relieve itself of that obligation by paying the full amount of the policy to the assured employees or it could settle the case. Otherwise, it was its duty to undertake and carry on the defense.

In the case at bar there was no obligation on the part of the defendant, the Northwestern Insurance Company, to make any efforts to raise the sunken boat or to save, preserve, or dispose of it. It was entirely optional. But it cannot be doubted that if it undertook to do so, it had all the duty that the insurance company had in the Attleboro Case.

The insurance policy in the Attleboro Case apparently contains no reference to liability for negligence in the defense of the suit brought against the assured employer. The policy in suit makes the defendant insurance company expressly liable for negligence. But the presence or absence of such a provision specifying liability for negligence is not important.

In the Attleboro Case the court used these words which are peculiarly applicable here. The court said at page 580 of 240 F.: "The contention is also made that the defendant owed the plaintiff no duty to defend the suit; that, under the policy, that duty was assumed by the defendant for its own protection and benefit, and not that of the plaintiff. It is true that in the policy the defendant stipulated it should have the right to defend, and it no doubt acquired this right for its own protection; but this does not militate against the proposition that when it entered upon the defense of the suit, the law imposed on it, for the plaintiff's benefit, the duty of so conducting the defense as not negligently to injure the plaintiff's rights."

■ True enough, in the Attleboro Case the complaint made various allegations that it

was the duty of the defendant insurance company to faithfully, carefully, and efficiently do all the things in the doing of which the plaintiff charged the insurance company was guilty of negligence, and that the complaint in suit does not anywhere satisfactorily charge that it was the duty of the defendant company to use care, or to use a certain known, accepted, and skillful method of raising the boat or charging a duty in any other language. But that failure to charge a duty is in nowise fatal. The law imposes the duty, as was stated in the Attleboro Case, and when the complaint charges that under the aforesaid provision of the policy the defendant insurance company undertook to raise the sunken barge, and did it negligently, as it substantially does, there is impliedly alleged that it was its duty to do such things in a careful, prudent, skillful, and accepted manner of so doing.

Indeed the provision of the policy providing that the defendant company shall be liable for negligence in so doing implies that negligence is failure to perform the duty which the law imposes and the contract impliedly requires.

Upon petition for rehearing, the court in the Attleboro Case summarized the applicable law in these words: "The defendant's duty to the plaintiff, as set out in the first and second counts of the declaration, does not depend upon whether it did or did not obligate itself in the policy to prepare and defend the Hodde suit, or to settle the same. As pointed out in our opinion handed down, * * * the plaintiff's right of action in the first count is based upon the ground that defendant entered upon the preparation and defense of the suit, and in the second count that it entered upon the task of settling it, and that in each case it was negligent in what it undertook to do. As each count sounds in tort, and is based upon a duty imposed by law, it is wholly immaterial whether the defendant was or was not under a contractual duty to prepare and defend the suit or to settle the same."

By analogy, it is not material here that the plaintiff and the defendants were in similar contractual relation arising out of the insurance policy, and when the defendant company undertook to try to salvage the sunken barge and engaged the defendant Cowles Company to do the work, neither could, without liability for negligence, violate its duty, and neither could raise and deliver the raised barge in a damaged condition, due to the negligence of itself and the codefendant.

Of like import is the case of Franceschi v. De Tord et al., 71 F.(2d) 95 (C. C. A. 1), where clients sued their attorneys for negligence in performing legal services which the attorneys agreed to perform. See, also, James Stewart & Company v. National Shawmut Bank, 69 F.(2d) 694 (C. C. A. 1); Glanzer v. Shepard, 233 N. Y. 236, 135 N. E. 275, 23 A. L. R. 1425; Stevens v. The White City, 285 U. S. 195, 52 S. Ct. 347, 76 L. Ed. 699.

It is doubtless true, as defendant contends, that cases like Hay v. May Dept. Stores Co., 271 U. S. 318, 46 S. Ct. 498, 70 L. Ed. 965, are not applicable upon the question of whether or not a tort action for negligence will lie here, for in such cases there was a duty violated, but there was no contractual relation involved therein. But such cases have a bearing upon the joint liability of the defendants.

■ Much stress is laid upon the contention that since the defendant insurance company was by the policy made the agent of plaintiff in salvaging the sunken barge, the company can only be liable for breach of the agency contract, and defendant insurer also, doubtless, means that since the insurance company contracted as agent of plaintiff with the Cowles Company, the plaintiff's sole cause of action is on such contract against the Cowles Company, and that in any event the defendant insurance company is liable only on its agency contract and the Cowles Company is liable only on its salvage contract; that these are two separate contracts and there can be no joint liability.

It is sufficient answer to say that the policy here provided that the insurance company and its agent or agents, in whatever capacity the former was acting in so doing, should be liable for negligence in its salvaging operations, and it follows that if the insurance company engaged others to do the work, such others could be held jointly with it for such negligence.

Cases holding that agency of necessity arises only out of a contract relation, such as Matter of Cullinan, 114 App. Div. 509, 99 N. Y. S. 1119; Sternaman v. Met. Life Insurance Company, 170 N. Y. 13, 62 N. E. 763, 57 L. R. A. 318, 88 Am. St. Rep. 625; Heinemann v. Heard, 50 N. Y. 27; Loeb v. Hellman, 83 N. Y. 601, are not applicable here.

In none of these cases does there appear to be any provision, as here exists, making

an agent in a relation such as insurer to assured and who is in reality acting for his own benefit, as here, liable for his acts of negligence while acting as such agent.

Nor do any of those cases hold that an agent under such an agency is not liable for negligence.

■ The defendant also contends that the complaint alleges two causes of action; one against the insurance company alone and one against both defendants.

The contention that the complaint alleges a separate cause of action against the defendant insurance company is based upon paragraphs 1 to 11. The first ten paragraphs state the jurisdictional facts and the contract relation of assured and insurer.

It is possible to so construe paragraph 11, but a more reasonable construction is that this paragraph is an introductory paragraph to the following seven paragraphs setting forth the joint negligence. If the words "as follows" were added to paragraph 11, it would make the matter clear.

It does not seem to this court that it was intended to allege two causes of action in this complaint, but rather one cause of action against both defendants.

■ The defendant insurance company also contends by brief and not by opposing affidavit that plaintiff has had all its rights under this policy twice submitted to a federal court, has been defeated both times, and should not be permitted to escape from a federal court which has already adjudicated his rights of action.

No pleadings in such prior litigation are before this court. But one of the prior actions, the first, has been reported. This is the case of In re Thurston (C. C. A.) 48 F. (2d) 578. That was an appeal from an order of the District Court in the Western District of New York, confirming the report of an umpire fixing the amount of damage to the boat, including, it is contended, all damages within the scope of the cause of action set up herein.

The Circuit Court of Appeals also held that the report of the umpire was binding and conclusive, and, provided he did not transgress the powers of his appointment, was not subject to judicial review.

This appointment of an umpire was pursuant to the terms of the policy. The proceeding was strictly upon the policy itself prior to suit or in lieu of suit, and could hardly be called a suit upon the policy. It did determine in accordance with the policy the amount and the value of the necessary repairs. The plaintiff did not make the repairs.

Thereafter plaintiff brought suit on the policy against the defendant insurance company in the Supreme Court, New York county, for damages, including doubtless the damages sought herein.

The case was removed to the federal District Court in the Southern District and plaintiff's complaint was dismissed, according to the brief. The ground of the decision, as stated in the brief, was "that plaintiff, having failed to make repairs, in accordance with the umpire's report, or otherwise establish the amount of his monetary loss in accordance with policy conditions, had no cause of action."

The decision of the District Court is not reported.

The affirmance of the Circuit Court of Appeals without opinion is stated in Thurston v. Northwestern F. & M. Insurance Company, 62 F.(2d) 1082.

Defendant asserts that the suit now before this court is but another attempt to avoid the decision of the umpire. It is doubtful how much weight can be attached in this case to such matters.

First, this court on the argument informed the counsel that such matters did not seem pertinent to this motion. The attorney for the plaintiff has in consequence made no reference thereto in the briefs.

Second, no such things are set up in opposing affidavits.

Third, if defendant contends that such litigation is res adjudicata here, that is an affirmative defense to be set up by answer and no answer has apparently been served.

Fourth, this is not a suit on the policy to recover the loss. It is another and a different kind of a cause of action limited to the damages which the boat suffered by the alleged negligence of the defendants in raising the boat and towing her to Buffalo. Presumably not all the damage to the boat was caused by such operations.

The loss sued for is not the loss for which the plaintiff was insured, but only such part of plaintiff's damage as was caused by the negligent raising and towing of the boat.

It does not seem that such matters are for the consideration of the court on this motion. They might have a bearing upon the good

faith of plaintiff in making a resident a party defendant to avoid the federal court. But under the allegations of the complaint the Cowles Company is not a nominal but a very substantial defendant.

The motion to remand is granted.

If defendant insurer has not answered, its time to answer is extended to twenty days after the entry and service of the order entered hereon, and, if appeal is taken, the time is further extended to twenty days after service of the order entered upon decision of the appeal.