## HARROD v. MISSOURI PAC. R. CO. et al.
### No. 1045.

District Court, W. D. Arkansas, Texarkana Division.

March 1, 1939.

Tom J. Terral, of Little Rock, Ark., and Wm. F. Denman, of Prescott, Ark., for plaintiff.

Earl W. Moorhead, of Little Rock, Ark., for defendants.

RAGON, District Judge.

This cause of action arose out of an accident at a railroad crossing in the city

of Little Rock on December 6, 1937. Harrod alleges that as he was driving his truck across the Missouri Pacific Railroad Company's tracks at East Second Street, the defendants, through their joint and concurrent carelessness and negligence, backed a switch engine on to said crossing, striking the plaintiff's truck, demolishing it and injuring the plaintiff; that said switch engine was being operated by defendant, Strack, as engineer. He alleges that as he was driving across the railroad crossing the defendants, without any warning, ignoring the statutory signals, and failing to keep a lookout, backed said engine across the track at a high and dangerous rate of speed in utter disregard of the plaintiff's safety; and that the defendants carelessly and negligently failed to have a watchman on said crossing or on the rear of said switch engine; and because of such joint and concurrent negligence as charged plaintiff's truck was struck and the plaintiff injured.

The plaintiff filed a complaint in the Nevada Circuit Court on the 15th day of April, 1938, against the Missouri Pacific Railroad Company and Thompson. To this the defendant filed an answer on May 14, 1938. The plaintiff then filed an amended complaint on the 25th day of May, 1938, after leave of Court had been obtained, in which he made J. J. Strack of Pulaski County, Arkansas, a party defendant. Thereafter a Petition for Removal and Bond were in apt time filed.

The defendants removed on the ground that there was a fraudulent joinder of the defendant, Strack, to deprive this Court of jurisdiction, and that there was a separable controversy alleged between the railroad company and the plaintiff, in which the defendant, Strack, could have no interest. The testimony of several witnesses, including Strack and the foreman of the switching crew which was on the engine was taken.

■ The defendants base the claim of fraudulent joinder upon the fact that Strack while backing the engine was not in a position where he could see the crossing. The defendants introduced testimony on the hearing of the motion to remand to the effect that from the engineer's location in his cab, due to the fact that the train was backing and that the tender formed an obstruction, he could not get a view of those approaching the crossing. They insist because of this fact, the plaintiff knowing the same to be true, made the allegation for the fraudulent purpose of depriving this court of jurisdiction. There was no testimony that at the time the pleader made the allegation and filed complaint that he knew such facts to be true and there is nothing in the pleading or the testimony to show that he acted in bad faith in this regard. This seems to the court to be merely a matter of defense. The pleadings and testimony fail to disclose grounds to justify the allegation that Strack was fraudulently joined as a defendant. Huffman v. Baldwin, 8 Cir., 82 F.2d 5; Chicago, R. I. & P. Ry. Co. v. Schwyhart, 227 U.S. 184, 33 S. Ct. 250, 57 L.Ed. 473; Harrelson v. Mo. Pac. Transp. Co., 8 Cir., 87 F.2d 176; Morris v. E. I. Du Pont De Nemours & Co., 8 Cir., 68 F.2d 788; Chesapeake & O. Ry. Co. v. Dixon, 179 U.S. 131, 21 S.Ct. 67, 45 L.Ed. 121.

■ The defendant bases its contention that there exists a separable controversy between the railroad company and the plaintiff on the statement that the defendants "neglected to have a watchman on said crossing or on the rear of said switch engine." It is contended by the defendant that Strack, the engineer, was charged with no duty to have a watchman at the crossing or on the back of the engine. The law requires the railroad company to keep an efficient lookout, and as said in the case of Kelly v. DeQueen & Eastern Railroad Company, 174 Ark. 1000, 298 S.W. 347, "If the person on the train is so situated that it is impossible to keep a lookout to ascertain whether persons are in danger of being hit by moving the cars, it would then be the duty of the railroad company to keep such a lookout as would discover persons that might be hit by the moving of the train." The allegation in controversy is confusingly stated by the pleader. If the complaint stated a condition at the crossing out of which imminent danger would be calculated to arise to such extent as to require the full-time service of a watchman a different situation might arise. But it seems to me that the reasonable intendment from the pleading is not to make such an allegation, but rather an allegation to the effect that a proper and efficient lookout was not maintained by the company.

■ The question as to whether there is a joint or separable liability is to be determined by the law of the State where the action is brought. Chicago, R. I. & P. Ry. Co., v. Schwyhart, 227 U.S. 184, 33 S. Ct. 250, 57 L.Ed. 473; Southern Railway

Co. v. Miller, 217 U.S. 209, 30 S.Ct. 450, 54 L.Ed. 732. Of course, Strack, the engineer, cannot be held to any statutory responsibility, but the question here for determination is whether he was guilty of such negligence as to make him jointly liable with the railroad company at common law regardless of our statutes. Under the laws of Arkansas if two or more parties are guilty of actionable negligence, they are liable to the injured party and, therefore, may be joined in the same action. City Electric Street Ry. Co. v. Conery, 61 Ark. 381, 33 S.W. 426, 31 L.R.A. 570, 54 Am.St.Rep. 262; Pine Bluff Water & Light Co. v. McCain, 62 Ark. 118, 34 S.W. 549.

The liability of an engineer and fireman in failing to comply with the lookout statute was passed upon in the case of Lusk v. Osborn, 127 Ark. 170, 191 S.W. 944, 947, wherein the Court said: "The lookout statute undertakes only to create responsibility on the part of the railway company and it had no application in the case of an injured employé who assists in the operation of the train; but, independently of that statute or any other, a person is liable in damages for a negligent act of his own which causes injury to his fellow servant. In such a case the failure to keep a lookout pursuant to the requirements of the statute may not constitute negligence as a matter of law, but it may justify a finding of negligence under the circumstances of a given case. The charge of negligence in this respect therefore constitutes a cause of action against the employé who committed the negligent act, which may be joined with an action against the superior who is in law responsible for it."

Judge Trieber, in the case of Burt v. Missouri Pacific Railroad Co., D.C., 294 F. 911, 917, in passing upon the liability of a fireman and engineer of a train which struck the plaintiff at a public crossing in the town of Beebe, Arkansas, after citing the above authorities, held: "It follows that, although there is no liability on the part of employees for noncompliance with the requirements of section 8568a, Crawford & Moses' Digest, a common-law action may be maintained against them for negligently approaching the street crossing in a city which many people are constantly crossing, and by reason thereof running over a person crossing it." He accordingly remanded the case to the State Court.

The plaintiff alleges that the railroad company and Strack were jointly and concurrently guilty of negligence in the respects set forth in the complaint. In determining whether there is a separable action, it is a settled rule that the court must be guided by what the pleadings show at the time the petition was filed. Chesapeake & Ohio R. R. Co. v. Dixon, 179 U.S. 131, 21 S.Ct. 67, 45 L.Ed. 121; Alabama Great So. Ry. Co. v. Thompson, 200 U.S. 206, 26 S. Ct. 161, 50 L.Ed. 441, 4 Ann.Cas. 1147. The conclusion is reached that a cause of actionable negligence is stated in the complaint against the defendant, Strack, and since this is pleaded as joint and concurrent with the negligence of the defendant railroad company, there was a proper joinder of these defendants.

This cause is accordingly remanded to the Nevada County Circuit Court.